Autry R. HAND, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 84–8630
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 4, 1985.

William I. Aynes, Atlanta, Ga., for plaintiff-appellant.

Amy D. Levin, AUSA, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Claimant/appellant Autry Hand appeals from a district court order affirming the final decision of the Secretary of Health and Human Services (HHS) denying his application for Social Security disability benefits. Appellant argues that neither the Secretary's finding that he does not suffer from disabling pain nor the Secretary's decision denying benefits is supported by substantial evidence. We affirm the Secretary's determination.

## I. FACTS

Claimant is a 42-year old man with past relevant work as a mechanic and security guard. Claimant underwent a bilateral laminectomy and discectomy in 1980, and complains of continued lower back pain. He also suffers from severe tremors in his hands, of unknown causes.

The treatment notes of appellant's surgeon, Dr. Wood, indicates that by May, 1981, appellant had regained a full range of motion in his back, and that his gait and muscle strength were normal. Dr. Wood felt that appellant had the capacity to perform light work. On June 9, 1982, appellant was examined by two other doctors. Dr. Pruce opined that appellant was unable to stand for more than one hour or sit for more than two hours, and that digital manipulation was impossible and fine motor activity severely limited. Dr. Kelman, a neurologist, noted that the results of a neurological exam were normal and that the degree of appellant's complaints were "certainly disproportionate to the clinical examination." He believed that appellant was incapable of work involving heavy activities, lifting activities, bending, and prolonged periods of sitting; and that the hand tremor would limit fine motor activities with his hands.

At a disability hearing before an administrative law judge (ALJ), claimant testified

as to a dull, aching pain in his back and legs that prevented him from sitting or standing for long periods. However, he also testified that he felt he could perform his old job as a hospital guard, which involved making rounds and returning to a station. A vocational expert classified the security guard job as light work. In response to hypothetical questions from the ALJ, the vocational expert testified that if Dr. Pruce's findings were accepted, appellant would be incapable of performing any jobs existing in significant numbers in the region, at either light or sedentary levels; but that based on Dr. Kelman's report and appellant's own testimony, appellant was capable of performing light security guard work as a gateman, floorkeeper, checking room attendant, etc.

The ALJ concluded that appellant was disabled in that he did not retain the functional capacity to engage in any substantial gainful work activity on a sustained basis. In reaching this conclusion, he found that "claimant's pain, as established by the credible evidence, imposes exertional and non-exertional limitations on his functional capacity. It is severe."

The HHS Appeals Council reviewed the ALJ's decision on its own motion and reversed the disability decision, finding that "claimant's impairments do not prevent the performance of his past relevant work" as a security guard. The Appeals Council considered but rejected claimant's allegations of severe and disabling pain, finding that "the clinical and laboratory findings contained in medical evidence do not establish the existence of an impairment that could reasonably be expected to produce such pain," citing 20 C.F.R. § 404.1529.

Appellant brought this action in district court to review the Secretary's final decision denying disability benefits. The district court affirmed the decision, finding that appellant's admission that he felt he could still perform his previous security

guard work constituted substantial evidence supporting the decision. This appeal followed.

## II. DISCUSSION

### A. *Secretary's Finding as to Pain*

The Secretary made a factual finding that the appellant was not suffering from disabling pain, in that the medical evidence did not establish the existence of an impairment that could reasonably be expected to produce such pain.[1] Appellant contends that this finding is not supported by substantial evidence.

We have previously held that subjective complaints of pain, if credited, standing alone can sustain a finding of disability in certain cases. *See e.g., Boyd v. Heckler,* 704 F.2d 1207, 1210–11 (11th Cir.1983); *Simpson v. Schweiker,* 691 F.2d 966, 970 (11th Cir.1982); *Smith v. Schweiker,* 646 F.2d 1075, 1082 (5th Cir. Unit A 1981); *Gaultney v. Weinberger,* 505 F.2d 943 (5th Cir.1974). The Secretary's finding in the present case may not comport with the above standard.

However, in passing the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984), Congress established a temporary statutory standard for evaluating subjective evidence of pain. Section 3(a)(1) of that Act provides that:

Section 223(d)(5) of the Social Security Act is amended by inserting after the first sentence the following new sentences: "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; *there must be medical signs and findings,* established by medically acceptable clinical or laboratory diagnostic techniques, *which show the existence of a medical impairment* that results from anatomical, physiologi-

1. It is undisputed that the HHS Appeals Council has the power to review *de novo* and reverse factual findings made by an ALJ. *See Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383, 386 (6th Cir.1978). In this situa-

tion, the "final decision of the Secretary," to which we owe statutorily-mandated deference, see 42 U.S.C. § 405(g), is the decision of the Appeals Council. *See Beavers,* 577 F.2d 386.

cal, or psychological abnormalities *which could reasonably be expected to produce the pain* or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether an individual is under a disability."

*Id.* at § 3(a)(1), 98 Stat. at 1799 (to be codified at 42 U.S.C. § 423(d)(5)) (emphasis added). This standard applies to all determinations (made by the Secretary or a court on review) to be made prior to January 1, 1987, at which time Congress intends to set permanent standards for evaluating pain. *Id.* at § 3(a)(3) and (b); see S.Rep. No. 466, 98th Cong., 2d Sess. 3, 23–24 (1984), U.S.Code Cong. & Admin.News 1984, p. 3038.

Congress' purpose in implementing this standard was to codify the regulations and policies currently followed by the Administration[2] in order to promote national uniformity in the application of the social security disability laws and insure that disability decisions are based on verifiable evi-

dence.[3] S.Rep. No. 466 at 23–24; H.R.Rep. No. 618, 98th Cong., 2d Sess. 13 (1984). The new standard

prohibits basing eligibility for benefits solely on subjective allegations of pain (or other symptoms). There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

S.Rep. No. 466 at 24.

■ We are required to apply the statutory standard enacted by Congress to the present case.[4] Appellant asserts that this standard merely requires that the subjective symptoms be linked to medically determinable impairments. However, this argument is clearly foreclosed by the language of the statute and the above legislative history. We agree with the Secretary's interpretation, as stated in her supplemental brief, that the record must document, by medically acceptable clinical or laboratory diagnostic techniques, the existence of a medical impairment which could reasonably be expected to produce the symptoms of which claimant complains. There need not be objective evidence of the pain itself. *See Green v. Schweiker,* 749 F.2d 1066, 1071 (3d Cir.1984) (interpreting statutory standard).

■ Reasonable minds may differ as to whether objective medical impairments

---

**2.** Social Security regulations, issued in August, 1980, provide that:

We consider all your symptoms, including pain, and the extent to which signs and laboratory findings confirm these symptoms. The effect of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms.

20 C.F.R. § 404.1529 (1984).

**3.** The legislative history of section 3 notes with concern that, despite the federal regulations, ALJs and federal courts have continued to give heavy weight to subjective evidence of pain even without objective evidence of the type required by the regulation. *See* S.Rep. No. 466 at 23; H.R.Rep. No. 618, 98th Cong., 2d Sess. 13 (1984); 130 Cong.Rec. S11,457 (daily ed. Sept. 19, 1984) (statement of Sen. Long).

**4.** This law effectively obsoletes this court's prior standard for considering subjective evidence of a claimant's pain, as expressed in decisions such as *Boyd,* 704 F.2d 1207; *Simpson,* 691 F.2d 966; *Smith,* 646 F.2d 1075; and *Gaultney,* 505 F.2d 943.

could reasonably be expected to produce such pain. This determination is a question of fact which, like all factual findings by the Secretary, is subject only to limited review in the courts to ensure that the finding is supported by substantial evidence.[5] *See Boyd,* 704 F.2d at 1209.

In the present case, the HHS Appeals Council applied the correct standard and found, as a matter of fact, that appellant was not suffering from disabling pain, because his allegations of pain were not supported by the existence of an .impairment that could reasonably be expected to produce such pain. This finding is supported by substantial evidence. The examining doctors stated that the results of physical and neurological examinations were near normal, and that appellant had regained muscle strength and full motion in his back. Anatomical changes in the back area were noted to be "minimal" in comparison with appellant's symptoms and functional deficits. Dr. Kelman noted that "the degree of complaints [of pain] are certainly disproportionate to the clinical examination." This sufficiently supports the Secretary's finding.[6]

B. *Substantial Evidence to Support Final Determination.*

The Secretary determined that appellant was not disabled, finding that his impairments did not prevent him from performing his past work as a security guard.[7] This determination is supported by substantial evidence. Medical examinations after appellant's back surgery revealed no abnormal physical incapacitation. Dr.

Wood felt that appellant could perform light work, and Dr. Kelman implied the same. The vocational expert testified that appellant would be capable of working at limited types of security guard positions. Appellant himself testified that he felt he could perform his past job as hospital guard.

Accordingly, the final decision of the Secretary is

AFFIRMED.

---

5. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983).

6. We emphasize that the new statutory standard for evaluation of pain does not provide license to the Secretary to deny disability claims where medical evidence in the record clearly indicates the existence of a medical impairment which could reasonably be expected to produce disabling pain. In this situation, the fact finder must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable

basis for rejecting such testimony. However, this is not the situation in the present case, where the medical evidence is in conflict as to the existence of an impairment which could reasonably be expected to produce such pain. Choosing between conflicting evidence is a task peculiarly suited to the fact finder, and we will not disturb such a determination on appeal.

7. To shoulder his initial burden of establishing the existence of a disability, the claimant must prove that he is unable, due to physical or mental impairment, to perform his previous work. *Boyd v. Heckler,* 704 F.2d at 1209.