**Gary P. MARTINSON, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. 92–268–CIV–FTM–17D.**

United States District Court,
M.D. Florida,
Fort Meyers Division.

Feb. 15, 1994.

Mary Anne Burke and Robert Alan Arthur, Barkan & Neff, Tampa, FL, for plaintiff.

James R. Hilbert, Jr., U.S. Attorney's Office, M.D. Fla., Tampa, FL, for defendant.

## ORDER ON REPORT AND RECOMMENDATION

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on a Report and Recommendation (R & R) issued by Magistrate Judge George T. Swartz on May 13, 1991 (Docket No. 12). The Plaintiff, Gary P. Martinson (Martinson), pursued and exhausted all administrative remedies. This Court, pursuant to 42 U.S.C. § 405(g), 28 U.S.C. § 636(b)(1)(B), Rule 72(b) Fed.R.Civ. P., and Rule 6.02(a), Local Rules of the Middle District of Florida, referred the cause to Magistrate Judge Swartz (Docket No. 8).

### FACTS

Plaintiff was born on September 3, 1934, and was 56 years old at the time of the Hearing before the Administrative Law Judge (ALJ). Plaintiff has a high school education. Previous employment included, owner and manager of a convenience store/gasoline station, and district manager of an oil company. Plaintiff contends that he became disabled on June 11, 1990, as a result of rheumatoid arthritis, a hearing loss, and emotional problems caused by his afflictions and alcoholism.

The ALJ found that the Plaintiff had severe impairment brought about by the rheumatoid arthritis, hearing loss and status postback surgery. However, the ALJ found that none of the Plaintiff's impairments "either

singly or in combination met or equaled an impairment" listed in Appendix 1, Subpart P, Regulations No. 4 (20 C.F.R. 404.1520(d)). As a result, the ALJ found the Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ also opined that while Plaintiff could not return to the work he had performed in the past, there were several skilled and unskilled forms of sedentary work the Plaintiff could perform with little or no vocational adjustment. The Magistrate Judge upheld the findings of the ALJ.

## STANDARD OF REVIEW

Pursuant to Local Rule 6.02, a party may file written objections to the Magistrate's findings within ten days of being served with the R & R. The District Judge shall make a *de novo* determination in accordance with the rules and after review of any written objections. 28 U.S.C. § 636(b)(1)(B); *Gropp v. United Airlines,* 817 F.Supp. 1558, 1560 (M.D.Fla.1993). This Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." 28 U.S.C. § 636(b)(1)(C). Timely objections were filed by Plaintiff, and this Court has reviewed the findings of fact set forth in the R & R.

## PLAINTIFF'S OBJECTIONS

Plaintiff filed two objections. First, Plaintiff objects to the Magistrate Judge's finding that the ALJ complied with the Eleventh Circuit Court of Appeals' (11th Circuit) pain standard. Moreover, the Plaintiff asserts that the ALJ did not follow the guidelines set forth in SSR 88–13. Plaintiff's second objection is to the Magistrate Judge's finding that the ALJ was not in error for failing to order a consultative psychological examination of Plaintiff.

## DISCUSSION

■ In addressing Plaintiff's first objection the Court is cognizant of the pain standard adopted by the 11th Circuit in *Hand v. Heckler,* 761 F.2d 1545 (11th Cir.1985). In *Hand,* the Appellate Court, declined to follow earlier opinions in which they held that a plaintiff's "subjective complaints of pain, standing alone, if credited, would sustain a finding of disability in some cases." Based on the codification of 42 U.S.C. § 423(d)(5), the court departed from the earlier opinions.

The new standard requires evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

■ Applying the pain standard in this cause, the ALJ, after examining the medical records, and reviewing the opinions of the physicians, determined that the medical evidence did not support Plaintiff's testimony of disabling pain. Plaintiff argues in his objection that Dr. Weiss stated that the "plaintiff experiences pain as a result of his impairments and that his complaints are credible and consistent with his condition." However, Dr. Weiss in his interrogatories (Tr. 242–246), states that the Plaintiff can lift up to ten pounds, stand and walk three hours in an eight hour day, and sit five (5) hours of an eight (8) hour day. In addition Dr. Spil indicated that the Plaintiff is able to stand and walk four hours of an eight (8) hour day, lift and carry up to ten pounds, and that sitting during an eight hour day would be unaffected.

This Court agrees with the ALJ in that pain is a component of the Plaintiff's case. However, the Court is also of the opinion that based on the objective medical data, the Plaintiff's subjective complaints of the severity of the pain are not supported by either the testimony of the physicians or the medical reports. Therefore, based on the objective medical evidence Plaintiff fails under both prongs of the 11th Circuit pain standard.

Additionally, in order to satisfy the burden of the secretary to prove there was alternate substantial gainful employment in the national economy, the ALJ procured a vocational expert as is preferred by the 11th Circuit. *McGregor v. Bowen,* 786 F.2d 1050 (11th Cir.1986). The ALJ posed hypotheticals to the vocational expert based on the objective medical testimony of the Plaintiff's physicians. The vocational expert testified that

there were many skilled and unskilled sedentary jobs the Plaintiff could perform.

■ Plaintiff's second objection involves the ALJ's findings as to whether or not the Plaintiff suffers from debilitating psychological impairment. Plaintiff contends that the ALJ failed to "develop a full and fair record and to scrupulously and conscientiously probe into and explore all relevant facts, and to be equally diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited," citing the Court to *Cowart v. Schweiker*, 662 F.2d 731 (11th Cir. 1981). However, Plaintiff has misread *Cowart*. In *Cowart*, the 11th Circuit found that while an ALJ does have an obligation to develop a full and fair record, that standard is raised to "scrupulously and conscientiously" only where the Plaintiff is not represented by counsel. This Court is of the opinion that the ALJ did develop a full and fair record in questioning the Plaintiff about his belligerency which Plaintiff attributed to alcoholism. Not only did the ALJ question the Plaintiff as to his use of alcohol, but he also posed hypothetical questions to the Vocational Expert about the job prospects of a belligerent employee.

■ Furthermore, 42 U.S.C. § 423(d)(5)(A), states in pertinent part, "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability ... there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques." The Plaintiff never alleged alcoholism or belligerency until questioned at the administrative hearing by his counsel. Therefore, the ALJ was not in error in refusing to appoint a psychologist or psychiatrist.

This Court is in agreement with the Magistrate Judge in determining that the final decision of the Administrative Law Judge and the Secretary is well supported by substantial evidence. Accordingly, it is

**ORDERED** that the Report and Recommendation, dated May 13, 1993, be adopted and incorporated by reference herein and the Clerk of the Court be **directed** to enter judgment pursuant to this opinion.

**DONE and ORDERED.**