**Warnes J. BLOODSAW, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. 99–G–2453–NE.

United States District Court, N.D. Alabama, Northeastern Division.

April 25, 2000.

Darryl W. Hunt, Clark & James LLC, Birmingham, AL, for Plaintiff.

G. Douglas Jones, Linda S. Trippe, U.S. Attorney's Office, Birmingham, AL, Anita Kay Brotherton, Social Security Administration—Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

Plaintiff brings this action pursuant to the provisions of section 205(g) of the Social Security Act, [hereinafter the Act], 42 U.S.C. § 405(g),[1] seeking judicial review of a final adverse decision of the Commissioner of Social Security [hereinafter Commissioner]. Plaintiff's second application for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Social Security Act, as amended, was filed on August 7, 1996, as was an application for SSI as provided under Section 1601 of the Act, 42 U.S.C. §§ 1381 *et seq.*[2]

---

1. 42 U.S.C. § 1383(c)(3) renders the judicial provisions of 42 U.S.C. § 405(g) fully applicable to claims for Supplemental Security Income [hereinafter SSI].

2. Plaintiff's earlier applications were filed October 3, 1991. Benefits were denied. The same ALJ who sat in this case denied plaintiff

benefits. In his findings in the earlier case, the ALJ found "claimant has the residual functional capacity to perform a limited range of sedentary work with lifting up to ten pounds, a sit/stand option as necessary, and no repetitive left leg movement or bending." The ALJ found claimant "unable to perform

These applications were denied initially and upon reconsideration. Request for hearing before an administrative law judge [hereinafter ALJ] was granted, and a hearing was held November 24, 1997, with no testimony taken.[3] The ALJ's decision to deny benefits was handed down February 6, 1998. Plaintiff's request for review by the Appeals Council was denied July 15, 1999.[4] An appeal to this court followed.

Ms. Bloodsaw is a 48 year old female with a limited education. Her past relevant work is as a nurse's aid and a presser in a cleaners. She claims disability as of June 30, 1993, resulting from low back pain syndrome.

Operative notes of Dr. Robert L. Hash show that he performed a laminectomy on plaintiff at left L5, with removal of extended left L5–S1 disc in October 1989. Specific portions of the notes read as follows:

A near complete hemilaminectomy on the left at L5 was carried out. The ligament was removed. The nerve root was identified and was very, very tight.... [A]n extremely large extruded disc was noted extending from the disc space upward behind the vertical body of L5. This was removed in one extremely large chunk and the nerve root was free after this.

Dr. Hash continued treating Ms. Bloodsaw for pain in her lower back. On August 15, 1990, plaintiff saw the doctor with complaints of pain in the left hip area. The area was tender. She had diminished but equal reflexes bilaterally.

By letter of July 9, 1991, to Dr. Colin Lloyd–Turney of North Alabama Neurological, P.A., Dr. Hash wrote that plaintiff had had intermittent low back pain since her October 11, 1989, surgery. A November 1990 MRI showed what the doctor believed to be scar tissue. Ankle jerks were absent upon examination. The doctor recommended an MRI, with and without Gadoliniun to determine the source of her pain.[5]

After Judge Hamn's finding that plaintiff was not disabled she returned to work at Wilson's cleaners from February 1993 to June 30, 1993.

In February 1994, treating physicians at Central North Ala. Health Services, Inc. [hereinafter Central North] noted recurrent low back pain with radiation to left leg on and off and assessed lumbar disc disease. Notes from the same physicians on September 28, 1994, recorded complaints of low back pain. Plaintiff was again assessed with lumbar disc disease. Central North notes of December 1994 indicate tenderness of spine at L4–5, as do the notes of November 2, 1995. Assessment was again low back syndrome. Examination was positive for pain on palpation to lumbosacral spine. Progress notes of October 1996 show complaints of leg and back pain. Plaintiff was assessed with chronic back pain with a notation concerning a pain clinic.

Two months prior to this last assessment Ms. Bloodsaw filed another disability claim. Without going beyond the second step of the sequential analysis (whether an impairment is "severe") for finding a threshold impairment, 20 C.F.R. § 404.1520, the ALJ denied plaintiff's claim.

"The function of a reviewing court is limited to determining whether the Secretary's findings are supported by substan-

---

her past relevant work as a presser and nurse's aid with the limitations set out above."

**3.** Claimant's representative presented a letter to the ALJ asking that he recuse himself from the case. It was plaintiff's belief that the ALJ had given her a very unfair and unjust decision. Plaintiff's request was denied. Plaintiff was given the option of coming into the hear-

ing room and presenting her case. She declined to do so. The hearing closed one minute after its beginning.

**4.** This final decision vacated the Council's prior action of May 28, 1999, enabling the Council to consider further arguments.

**5.** The ALJ could have ordered this follow-up MRI.

tial evidence considering the evidence as a whole." *Mims v. Califano,* 581 F.2d 1211, 1213 (5th Cir.1978). "Substantial evidence is more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971). The court is still responsible for scrutinizing " 'the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding.' " *Boyd v. Heckler,* 704 F.2d 1207, 1209 (11th Cir.1983) (quoting *Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir.1982)). The Eleventh Circuit has gone on to state the following:

> Our limited review does not, however, mean automatic affirmance, for although we defer to both the Secretary's factfinding and her policy judgments, we must still make certain that she has exercised reasoned decision making. To this end, we evaluate the Secretary's findings in light of the entire record, not only that evidence which supports her position.

*Owens v. Heckler,* 748 F.2d 1511 (11th Cir.1984).

The court must further consider whether the decision of the Commissioner contains a material error of law. In *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir.1987), the court held:

> Despite this limited review, we scrutinize the record in its entirety to determine the reasonableness of the secretary's factual findings. *Bridges,* 815 F.2d at 624; *Arnold v. Heckler,* 732 F.2d 881, 883 (11th Cir.1984). No similar presumption of validity attaches to the Secretary's legal conclusions, including determination of the proper standards to be applied in evaluating claims. *Wig-*

gins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir.1982).

Having evaluated the evidence, the court holds that the evidence does not support the decision denying disability benefits. Improper legal standards were applied.

The July 2, 1996, SSR No. 96–3p of the Social Security Administration sets forth a policy interpretation ruling in considering allegations of pain and other symptoms in determining whether a medically determinable impairment is severe. A portion of the interpretation follows:

> At step 2 of the sequential evaluation process, an impairment or combination of impairments is considered "severe" if it significantly limits an individual's physical or mental abilities to do basic work activities; an impairment(s) that is "not severe" must be a slight abnormality (or a combination of slight abnormalities) that has no more than a **minimal effect** on the ability to do basic work activities.

> . . . . .

> A determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (i.e., the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairment(s) and related symptoms(s) and related symptoms(s) impose on the individual's physical and mental ability to do basic work activities. (Emphasis added).

 Even had the ALJ not previously ruled that claimant had a "severe" impairment of residuals status post laminectomy that caused more than a minimal limitation on her ability to perform work-related activities,[6] there was enough evidence and opinion on record to continue the analysis

---

6. See footnote 2. The ALJ's earlier administrative ruling is law of the case and therefore binding. There is no evidence of improvement since that ruling. The ALJ did not discuss his prior ruling or give any justifications for setting it aside. Nor did his opinion contain language purporting to set it aside. To put it mildly, his second opinion is most unusual—even unbelievable.

to consideration of whether plaintiff could return to past work and beyond.

■ Plaintiff has contended that pain prevents her from working. Whenever a claimant asserts disability through testimony of pain or other subjective symptoms, the Eleventh Circuit standard requires:

1. evidence of an underlying medical condition and either

2. objective medical evidence confirming the severity of the alleged pain arising from that condition or

3. that the objectively determined medical condition is of such severity that it can reasonably be. expected to cause the alleged pain.

*Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991). See also *Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1215 (11th Cir.1991); *Lamb v. Bowen,* 847 F.2d 698, 702 (11th Cir.1988); *Hand v. Heckler,* 761 F.2d 1545, 1548 (11th Cir.1985).

■ In *Brown v. Sullivan,* 921 F.2d 1233 (11th Cir.1991), the court said:

The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987); *MacGregor,* 786 F.2d at 1054; *Landry v. Heckler,* 782 F.2d 1551, 1552 (1986). If the Secretary decides not to credit such testimony, he must discredit it explicitly, *MacGregor* at 1054, and articulate explicit and adequate reasons for doing so. *Hale,* 831 F.2d at 1011. Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true. *Cannon v. Bowen,* 858 F.2d 1541, 1545 (11th Cir.1988); *Hale,* at 1011; *MacGregor,* at 1054.

*Brown v. Sullivan,* 921 F.2d at 1236. As in *Brown,* plaintiff's past history and com-

plaints of pain have led her treating physicians to diagnose Ms. Bloodsaw's condition as chronic low back syndrome, an underlying condition which could reasonably be expected to produce her pain. An MRI and subsequent surgery confirmed the existence of a large ruptured disc—removal of which did not alleviate the pain. A subsequent MRI shows the existence of scar tissue. Further objective medical evidence (tenderness and diminished reflexes) establishes that claimant's pain testimony is credible. She has suffered and continues to suffer with pain. The ALJ's failure to articulate explicit and adequate reasons for rejecting this testimony requires that it be accepted as true. *Brown v. Sullivan,* 921 F.2d at 1236 (citing *Hale v. Bowen,* 831 F.2d at 1011).

■ As noted earlier, it is the opinion of her treating physicians that claimant suffers with chronic low back syndrome. While the opinions of physicians are not determinative of the issue of disability, 20 C.F.R. § 404.1526 (1995), the law is clear that the ALJ must give substantial weight "to the opinion, diagnosis, and medical evidence of the claimant's treating physician." *Wiggins v. Schweiker,* 679 F.2d 1387 (11th Cir.1982); *Smith v. Schweiker,* 646 F.2d 1075 (5th Cir.1981). The Eleventh Circuit has gone further to hold that where the Secretary ignores or fails to properly refute a treating physician's report, the findings in that report are to be accepted as true as a matter of law. *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986). The Secretary must give "explicit and adequate reasons for rejecting the opinion of the treating physician." *Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1215 (11th Cir.1991).[7]

For the reasons set forth above the court holds the following:

---

**7.** The ALJ relies on the testimony of consulting physician Dr. John Lary who diagnosed chronic low back pain, but did not believe she was disabled. The court refers to notes of physicians at Central North that symptoms are "off and on" and takes judicial notice that symptoms of chronic back pain are "off and on." Notes of treating physicians over a period of time are therefore more reliable than those of a one-time examiner.

1) The findings of the ALJ in plaintiff's earlier 1991 disability application are the administrative law of the case;[8]

2) Plaintiff has a "severe" impairment which could reasonably cause the pain of which she suffers;

3) The evidence shows a history of recurrent back pain caused by the severe impairment;

4) The decision of the Commissioner is REVERSED; and

5) Benefits should be awarded based on an onset date of June 30, 1993.

An order consistent with this opinion is being entered contemporaneously herewith.

### ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of Social Security be and it hereby is REVERSED, and the case is remanded TO THE Commissioner with instructions that the plaintiff be granted the benefits claimed based on an onset date of June 30, 1993.

It is FURTHER ORDERED that the Commissioner withhold from payments which he may determine are due plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of section 206 of the Social Security Act, as amended 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fees to be allowed plaintiff's counsel

for services rendered in representing the plaintiff in this cause.

---

8. This court can not help but note that the ALJ's attempt to ignore his earlier holding and stop the sequential analysis at step two adds validation to plaintiff's charge that the ALJ was "unfair" and "unjust" in reviewing her claim. The court agrees with counsel's statement that "[a]n improvement from less than the full range of sedentary through the full range of sedentary, light, and medium seems on its face remarkable."