**Lynda Y. HARRISON, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

No. 04–G–0301–J.

United States District Court, N.D. Alabama, Jasper Division.

Nov. 17, 2004.

R. Michael Booker, R. Michael Booker PC, Birmingham, AL, for Lynda Y. Harrison, Plaintiff.

Alice H. Martin, U.S. Attorney, Edward Q. Ragland, U.S. Attorney's Office, Birmingham, AL, William L. Hogan, Social Security, Administration–Office of General Counsel, Atlanta, GA, for Jo Anne B. Barnhart, Commissioner of Social Security Administration, Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

Plaintiff brings this action pursuant to the provisions of section 205(g) of the Social Security Act, [hereinafter the Act], 42 U.S.C. § 405(g),[1] seeking judicial review of a final adverse decision of the Commissioner of Social Security [hereinafter Commissioner]. Application for a period of Disabled Widow's Benefits and Supplemental Security Income payments was filed January 8, 2001. These applications were denied. Request for a hearing before an administrative law judge [hereinafter ALJ] [Russell W. Lewis] was granted, and a hearing was held September 6, 2002. The ALJ's decision to deny benefits was handed down April 4, 2003. Plaintiff's request for review by the Appeals Council was denied December 12, 2003. An appeal to this court followed.

Plaintiff is a 53 year old[2] female with a high school education. She has no relevant past work. Her lifetime earnings total $2,383.12. She claims she became disabled December 5, 1999, due to fibromyalgia,[3] back pain, heart problems, mitral

---

1. 42 U.S.C. § 1383(c)(3) renders the judicial provisions of 42 U.S.C. § 405(g) fully applicable to claims for Supplemental Security Income [hereinafter SSI].

2. By definition under 20 CFR § 404.1563(c) plaintiff is a *person approaching advanced age.*

3. In his decision the ALJ said her allegations of fibromyalgia "are not supported by objective medical findings." *But see* the discussion of disabling aspects of fibromyalgia found in *Glenn v. Apfel,* 102 F.Supp.2d 1252, 1258–59 (D.Kan.2000), set forth in part below:

   Proper credibility determinations are essential in cases involving subjective symptoms. Subjective symptoms must be evaluated with due consideration of credibility, motivation, and medical evidence of impairment. *Dvorak [v. Celebrezze],* 345 F.2d [894] at 897 [(10th Cir.1965)]. Other factors the court considers in evaluating whether pain is disabling are attempts to find relief from pain, willingness to try treatment, regular contact with a doctor, and daily activities.
   . . .
   The reviewing court may evaluate the ALJ's decision with a skeptical eye where the claimant's subjective complaints of pain are supported by treating physicians. *Broadbent [v. Harris],* 698 F.2d [407] at 414 [(10th Cir.1983)]. Both treating doctors agree *that plaintiff is disabled, and none of the doctors suggested that plaintiff was exaggerating her symptoms.*
   . . .
   [T]he symptoms of fibromyalgia are subjective, pain all over, fatigue, disturbed sleep,

valve prolapse, irritable bowel syndrome,[4] anxiety, and panic symptoms. The ALJ found claimant has chronic back and neck pain, a generalized anxiety disorder, and a panic disorder[5]—impairments which he considered "severe," but not disabling. He opined she is capable of performing light work.[6]

Plaintiff testified she is unable to work, mainly, because of constant pain—day and night. She has a lot of pain in her back, neck, shoulders, hips, and legs caused by fibromyalgia[7] and disc problems. Mitral valve prolapse tends to cause panic attacks. Upon awakening she is in a lot of pain and has difficulty walking well. Standing, sitting and walking cause pain not alleviated by medication. Medication does not prevent the pain—only dulls it a little. She has constantly been to doctors and tried different kinds of therapy, treatments, injections, massages, heated pool therapy, electrical stimulation therapy, and

and stiffness, and there are no objective clinic tests to determine its severity.

4. In his decision the ALJ stated: "[T]he record is persuasive that these conditions (mitral valve prolapse and irritable bowel syndrome) are relatively controlled with medications."

5. Dr. Jaana Niinikoski diagnosed a generalized anxiety disorder and panic disorder without agoraphobia. She/he also noted fibromyalgia and mitral valve prolapse. She/he assigned plaintiff a global assessment of functioning [GAF] score of 52 ("**Moderate symptoms** (e.g., flat affect and circumstantial speech, occasional panic attacks) **OR moderate difficulty in social, occupational, or school functioning** (e.g., few friends, conflicts with peers or co-workers))." *Diagnostic and Statistical Manual of Mental Disorders* (American Psychiatric Association 4th ed.1994).

6. See TITLES II AND XVI: DETERMINING CAPABILITY TO DO OTHER WORK—THE MEDICAL VOCATIONAL RULES OF APPENDIX 2, Sections 223(d)(2)(A) and 1614(a)(3)(B) of the Social Security Act and pertinent Regulations found in No. 4, Subpart P. and Appendix 2 and Regulations No. 16, Subpart I. SSR 83–10, set forth, in part, below:

   b. *Light work.* The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing—the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work....

   *"Frequent"* means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8–hour workday.

7. Fibromyalgia indicates pain in the fibrous connective tissue components of muscles, tendons, ligaments, and other "white" connective tissues. Merck Manual of Diagnosis and Therapy (15th ed.1987). It is a widespread musculoskeletal pain and fatigue disorder for which the cause is still unknown. Fibromyalgia means pain in the muscles, ligaments and tendons—the fibrous tissues in the body. FMS used to be called fibrositis. The pain of fibromyalgia has no boundaries. The disease is chronic. Overall studies have shown that fibromyalgia can be equally disabling as rheumatoid arthritis. *Fibromyalgia Basics—Symptoms, Treatments and Research,* (Google, Fibromyalgia Network 2002).

   According to Williams Hennen, Ph.D., author of "Fibromyalgia: A Nutritional Approach," fibromyalgia has been classified as a syndrome, not a disease. He explains that a disease is a condition with a clearly identifiable cause, while a syndrome is a set of symptoms that define the condition without a single causative agent upon which to place the blame. *Fibromyalgia Tenderpoints Index,* at http://www.immunesupport.com/fibromyalgia-tenderpoints.htm. (Visited May 10, 2004).

has used TENS to relieve the pain.[8]

■■■■ Treating physician[9] Gary M. Fowler reported September 4, 2002, that Ms. Fowler was his patient and that she suffers chronic pain from fibromyalgia, degenerative disc disease of the cervical spine and some mild left L4–5 radiculopathy. With regard to her disability claim the doctor made the following statement:

Ms. Harrison is unable to do any type of lifting, prolonged standing or prolonged sitting. She is applying for disability and I support that claim.

See 20 CFR § 404.1567(a-e) for physical exertion requirements of sedentary work, light work,[10] medium work, heavy work, and very heavy work. The doctor's opinion eliminates any work as set by the standards and definitions of the Administration. Plaintiff **"is unable to do any type of lifting, prolonged standing or prolonged sitting** (emphasis added)." [11]

While Dr. Fowler's statement is brief, the statement from claimant's other treating source Dr. C. Paul Perry[12] is supported by extensive office treatment notes and test results to substantiate his opinion.[13] Portions of his December 10, 2001, letter follow:

Linda Harrison is a chronic pain patient with fibromyalgia and irritable bowel syndrome. She has developed a compression fracture with extensive upper arm and shoulder pain. The patent [sic] is unable to do any type of *lifting*, prolonged *standing* or prolonged *sitting*. She is applying for disability and I support that claim.

Statements from both treating physicians are consistent. Both doctors support Ms. Harrison's application for disability.

The record also contains reports from Dr. Bryan S. Givhan, neurosurgeon, who had a MRI of the cervical spine, without contrast, done June 22, 2001. MRI findings showed "marked disc space narrowing at C6–7." The impression of radiologist Matthew M. Merritt was degenerative disc disease at C6–7 with mild to moderate central stenosis and anterior cord effacement. Dr. Givhan referred plaintiff to pain management[14] and opined her pain was "all a manifestation of fibromyalgia." On January 18, 2000, Dr. Givhan's impres-

8. See n. 3 at 2.

9. The opinions of physicians are not determinative of the issue of disability, 20 CFR § 404.1526 (1995). The law is clear, however, that the ALJ must give substantial weight "to the opinion, diagnosis, and medical evidence of the claimant's treating physician." *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir.1982); *Smith v. Schweiker*, 646 F.2d 1075 (5th Cir.1981). The Eleventh Circuit has gone further to hold that where the Secretary ignores or fails to properly refute a treating physician's report, the findings in that report are to be accepted as true as a matter of law. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986). The Secretary must give "explicit and adequate reasons for rejecting the opinion of the treating physician." *Elam v. Railroad Retirement Board*, 921 F.2d 1210, 1215 (11th Cir.1991).

10. See n. 6 at 3–4.

11. The ALJ stated Dr. Fowler's opinion was not supported by objective clinical findings and that there were no treatment records to support his assessment.

12. The ALJ, said Dr. Perry's opinion was "not supported by objective clinical findings."

13. On September 16, 1999, he documents right hip pain with ten trigger points—"the same pain as it has been for years." The doctor's pain mapping score on January 28, 1999, was 45. On December 28, 1998, his notes show ten trigger points. The doctor's notes are filled with notations about plaintiff's fibromyalgia and pain associated therewith. His records date back to 1991. They include laboratory findings, x-rays and other studies.

14. Dr. Wesley Spruill.

sion included a small intraforminal disc protrusion to the left at L4–5 which could be causing some nerve root impingement. He noted degenerative spinal disease and fibromyalgia. Nothing in Dr. Givhan's records give cause for rejecting the treating physicians' reports.

The ALJ also refers to records of Dr. Wesley Spruill, a pain management specialist who diagnosed low back pain, degenerative disc disease, degenerative joint disease of lumbosacral spine, left lower extremity radiculopathy, fibromyalgia, and L4–5 HNP (herniated nucleus pulposus). Plaintiff presented to the pain clinic for lumbar epidural injections. Dr. Spruill found tenderness to the lumbosacral and bilateral S1 areas. Plaintiff was treated for a chronic severe pain condition. Nothing in the reports of Dr. Spruill provide cause for rejecting the reports and opinions of the two treating physicians.

"The function of a reviewing court is limited to determining whether the Secretary's findings are supported by substantial evidence considering the evidence as a whole." *Mims v. Califano,* 581 F.2d 1211, 1213 (5th Cir.1978). "Substantial evidence is more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983). It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971). The court is still responsible for scrutinizing " 'the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding.' " *Boyd v. Heckler,* 704 F.2d 1207, 1209 (11th Cir.1983) (quoting *Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir.1982)). The Eleventh Circuit has gone on to state the following:

Our limited review does not, however, mean automatic affirmance, for although we defer to both the Secretary's fact-finding and her policy judgments, we must still make certain that she has exercised reasoned decision making. To this end, we evaluate the Secretary's findings in light of the entire record, not only that evidence which supports her position.

*Owens v. Heckler,* 748 F.2d 1511 (11th Cir.1984).

The court must further consider whether the decision of the Commissioner contains a material error of law. In *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987), the court held:

Despite this limited review, we scrutinize the record in its entirety to determine the reasonableness of the secretary's factual findings. *Bridges,* 815 F.2d at 624; *Arnold v. Heckler,* 732 F.2d 881, 883 (11th Cir.1984). No similar presumption of validity attaches to the Secretary's legal conclusions, including determination of the proper standards to be applied in evaluating claims. *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982).

Having evaluated the evidence, the court holds that substantial evidence does not support the decision denying disability benefits. Improper legal standards were applied for the following reasons:

1) The ALJ failed to apply the treating physician rule set by the Eleventh Circuit. Nothing in the record discredits the opinions of Drs. Fowler and Perry who support plaintiff's disability status. Their reports, therefore, stand as a matter of law.

2) Nothing in the record supports the ALJ's conclusion that plaintiff is able to perform light work. The evaluation of both treating physicians pre-

cludes plaintiff from performing any work.

3) The ALJ failed to follow the Eleventh Circuit pain standard.[15]

4) The ALJ erroneously concluded that there must be objective evidence in a fibromyalgia case but failed to note findings of trigger points, indicative of fibromyalgia. See n. 3 at 2. There are no objective *clinic* tests to determine its severity. Plaintiff has followed the guidelines set by *Glenn v. Apfel.*[16]

5) The ALJ failed to apply 20 CFR Ch. III, Pt. 404, Subpt. P, App. 2, Table No. 2–Residual Functional Capacity: Maximum Sustained Work Capability Limited To Light Work As a Result of Severe Medically Determinable Impairment(s), Rule 202.13 (A person approaching advanced age with a high school education and no previous work experience is disabled.) and Rule 202.20 (A younger individual with a high school education and no work experience is disabled.). Under either rule plaintiff is disabled. As a high school graduate with no work experience she is disabled.

For the reasons set forth above the court HOLDS that the decision of the Commissioner is REVERSED. An order

---

**15.** Whenever a claimant asserts disability through testimony of pain or other subjective symptoms, the Eleventh Circuit standard requires:

1. evidence of an underlying medical condition and either
2. objective medical evidence confirming the severity of the alleged pain arising from that condition or
3. that the objectively determined medical condition is of such severity that it can reasonably be expected to cause the alleged pain.

*Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991). See also *Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1215 (11th Cir. 1991); *Lamb v. Bowen,* 847 F.2d 698, 702 (11th Cir.1988); *Hand v. Heckler,* 761 F.2d 1545, 1548 (11th Cir.1985).

More recently, in *Wilson v. Barnhart,* 284 F.3d 1219, 1225 (11th Cir.2002), the court announced the pain standard as follows:

In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

In *Brown v. Sullivan,* 921 F.2d 1233 (11th Cir.1991), the court said:

The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir.1987); *MacGregor,* 786 F.2d at 1054; *Landry [v. Heckler],* 782 F.2d [1551] at [1552] 1152 [(11th Cir. 1986)].* If the Secretary decides not to credit such testimony, he must discredit it explicitly, *MacGregor* at 1054, and articulate explicit and adequate reasons for doing so. *Hale,* 831 F.2d at 1011. Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true. *Cannon v. Bowen,* 858 F.2d 1541, 1545 (11th Cir.1988); *Hale,* at 1011; *MacGregor,* at 1054.

*Brown v. Sullivan,* 921 F.2d at 1236. As in *Brown,* Ms. Harrison's subjective testimony in the present case is well supported by objective medical evidence (MRI, tenderness, trigger points) of degenerative disc disease, stenosis, and fibromyalgia—underlying conditions which can reasonably be expected to produce her pain. All of her diagnosed conditions (low back pain, degenerative disc disease, degenerative joint disease of lumbosacral spine, left lower extremity radiculopathy, fibromyalgia, and L4–5 HNP) can reasonably be expected to produce the pain of which she complains. All physicians of record diagnose fibromyalgia.

**16.** See n. 3 at 2–3. She has sought treatment, tried all treatments offered, had regular contact with doctors, etc. in an effort to find relief.

consistent with this opinion is being entered contemporaneously herewith.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of Social Security be and it hereby is REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be granted the benefits claimed.

It is FURTHER ORDERED that the Commissioner withhold from payments which he may determine are due plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of section 206 of the Social Security Act, as amended 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fees to be allowed plaintiff's counsel for services rendered in representing the plaintiff in this cause.

It is FURTHER ORDERED that pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby GRANTED an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does __not__ extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*