**Kimberly L. GOLDEN, Plaintiff,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

No. CIV.A.04–G–0279–NW.

United States District Court,
N.D. Alabama,
Northwestern Division.

Dec. 15, 2004.

Darryl W. Hunt, Clark & James LLC, Birmingham, AL, for Plaintiff.

Alice H. Martin, US Attorney, Lane H. Woodke, US Attorney's Office, Birmingham, AL, Joseph P. Palermo, III, Social Security Administration–Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

Plaintiff brings this action pursuant to the provisions of section 205(g) of the Social Security Act, [hereinafter the Act], 42 U.S.C. § 405(g),[1] seeking judicial review of a final adverse decision of the Commissioner of Social Security [hereinafter Commissioner]. Application for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Social Security Act, as amended, was filed February 28, 2002. These applications were denied. Request for a hearing before an administrative law judge [hereinafter ALJ] [J. Edward Tease] was granted, and a hearing was held July 29, 2003. The ALJ's decision to deny benefits was handed down September 24, 2003. Plaintiff's request for review by the Appeals Council was denied December 12, 2003. An appeal to this court followed.

Plaintiff is a 38 year old female with a twelfth grade education plus a one year course as a transcriptionist. Past relevant work is as a transcriber, bartender, cashier, line worker, and packer. She last worked October 12, 2000, at which time she was fired from her employment with a physician. She had been having back trouble and had had back surgery prior to that time making it difficult to work without rest periods—periods, which according to plaintiff, were objectionable to her employer.

Ms. Golden claims disability due to chronic back pain and resulting numbness in her left leg. Low back pain radiates into her left leg all the way to her toes. She has sharp pain when walking and needs rest during the day. She experiences swelling in her legs, feet, and ankles. Her legs ache and burn and her feet are cold.

Prescribed medications are Mobic[2] for inflammation, Hydrocodone[3] for pain, Al-

---

1. 42 U.S.C. § 1383(c)(3) renders the judicial provisions of 42 U.S.C. § 405(g) fully applicable to claims for Supplemental Security Income [hereinafter SSI].

2. Mobic is used to relieve the signs and symptoms of osteoarthritis in adults. Serious problems from stomach ulcers can occur. The likelihood of stomach problems increases the longer the drug is taken. Possible side effects are gnawing or burning stomach pain, black or tarry stools, vomiting, indigestion, upper respiratory tract infection, diarrhea, and joint pain. *Mobic, at* http://www.fda.gov/cder/consumerinfo/druginfo/mobic.htm (last updated August 2, 2000) (visited December 13, 2004).

3. Hydrocodone is indicated for the relief of moderate to moderately severe pain. *Physicians' Desk Reference,* (Medical Economics

prazolam[4] for nerves, and HCTZ.[5] Plaintiff testified her medication makes her sleepy.

Objective evidence found in the record includes the following:

1) January 28, 1999, **MRI** lumbar spine: moderate herniation of L4–5 centrally and to left of midline—mild herniation at L5–S1;[6]

2) February 26, 2000, **x-rays**: increased uptake in L5 vertebral segment most consistent with previous surgery and/or arthritis;

3) April 4, 2000, **x-rays**: collapse at L4–5—little bit degenerative changes of L5–S1 disc;

4) August 4, 2000, **MRI** Parkway Medical Center Hospital: L3–L4 right lateral disc protrusion—mild L4–L5 diffuse disc bulging;

5) August 8, 2000, examination Dr. G.R. Melson: follow-up of MRI lumbar spine—lot of pain—moderate back **tenderness** to percuss;

6) February 28, 2002, examination Dr. G.R. Melson: moderate **tenderness** to percuss in back—decreased reflexes;

7) May 8, 2003, examination Dr. G.R. Melson: back pain—increasing pain in SI joints—**tenderness** to palpate and percuss to back—prescribed swimming program;

8) June 17, 2003, examination Dr. G.R. Melson: **swelling** in feet and ankles;[7]

9) June 17, 2003, office notes Dr. Charles A. Gaputis: **tenderness** lumbar spine—diagnosis LBP—prescribed HCTZ and Lortab;

10) June 24, 2003, **MRI** Huntsville Hospital: diffuse spondylosis throughout cervical spine—large right paracentral end-plate osteophyte at C2–C3 producing central right foraminal stenosis—mild central and foraminal stenosis at C5–C6 related to ventral spondylitis bar and uncovertebral hypertrophy—central annular tear at C6–C7 associated with ventral broad-based disc bulge and small end-plate osteophytes—suggestion of left foraminal disc herniation at C6–C7 level;

11) August 8, 2003, consultation Rhett B. Murray at request Dr. Gaputis: review lumbar spine film shows hemilaminectomy at L5–S1 toward the left—**severe loss disc space height** at L4–5—September **MRI** scan showed degenerative changes across L4–5 with no obvious herniation—impression pain due to degenerative disc disease at L4–5—treat with epidural steroid—injections— **"may be that she is a candidate**

Company, Inc., Inc. 58th ed 2002). [hereinafter PDR].

4. Alprazolam (Xanax) is indicated for the management of anxiety disorders or the short-term symptomatic relief of symptoms of excessive anxiety. It is used for the treatment of Generalized Anxiety Disorders (GAD) and is also indicated for the management of panic disorder with or without agoraphobia. Side effects include drowsiness, dizziness, and coordination difficulties. Release of hostility and other paradoxical effects such as irritability and hallucinations may occur. *Alprazolam, at* http://www.men-talhealth.com/drug/p30–x01.html (visited December 13, 2004).

5. HCTZ is a thiazide diuretic which increases the amount of water and salt lost in the urine and decreases edema. *HCTZ (hydrochlorothiazide and irbesartan), at* http://www.drugs.com/hctz.html (visited December 14, 2004).

6. Discectomy performed August 25, 1999, at Eliza Coffee Memorial Hospital.

7. Swelling in feet and ankles probably not related to back problems.

**for fusion at L4–5** (emphasis added);"

12) September 30, 2003, Dr. Murray letter to Dr. Gaputis: recommended an L4–5 posterior lumbar interbody fusion—75% chance significant pain relief—patient to consider options.

With this record before the ALJ[8] he found plaintiff has severe impairments, but that she retains the residual functional capacity to perform a full range of light work. She is able to perform her past relevant work as a transcriber, bartender, and cashier.

No vocational expert testified at the hearing. Our circuit has recognized that the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert. *Cowart v. Schweiker*, 662 F.2d 731, 736 (11th Cir.1981). By the same reasoning, the testimony of the vocational expert can be used to demonstrate that the claimant is unable to perform any job. In *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir.1985), the court said the following:

> Referring to *Johnson v. Harris*, 612 F.2d 993 (5th Cir.1980), our court in a similar case to this one has said: "[w]e held that unless there was vocational expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills and experience and physical limitations, the decision of the ALJ, based significantly on the expert testimony, would be unsupported by substantial evidence." *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir.1980).

■ "The function of a reviewing court is limited to determining whether the Secretary's findings are supported by substantial evidence considering the evidence as a whole." *Mims v. Califano*, 581 F.2d 1211, 1213 (5th Cir.1978). "Substantial evidence is more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971). The court is still responsible for scrutinizing " 'the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding.' " *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir.1983) (quoting *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir.1982)). The Eleventh Circuit has gone on to state the following:

> Our limited review does not, however, mean automatic affirmance, for although we defer to both the Secretary's fact-finding and her policy judgments, we must still make certain that she has exercised reasoned decision making. To this end, we evaluate the Secretary's findings in light of the entire record, not only that evidence which supports her position.

*Owens v. Heckler*, 748 F.2d 1511 (11th Cir.1984).

■ The court must further consider whether the decision of the Commissioner contains a material error of law. In *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987), the court held:

> Despite this limited review, we scrutinize the record in its entirety to determine the reasonableness of the secretary's factual findings. *Bridges*, 815 F.2d at 624; *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir.1984). No similar presumption of validity attaches to the Secretary's legal conclusions, including determination of the proper standards to be applied in evaluating claims. *Wig-*

---

8. The medical records from Dr. Murray were exhibits at the Appeals Council level. They were not considered by the court in reaching its decision.

gins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir.1982).

■ Having evaluated the evidence, the court holds that substantial evidence does not support the decision denying disability benefits. Improper legal standards were applied.

■ 1) The ALJ failed to follow the pain standard set by the Eleventh Circuit.[9] The medical evidence (explicitly set forth in this opinion) establishes that claimant's pain testimony is credible. She has suffered and continues to suffer with pain. The ALJ's failure to articulate explicit and adequate reasons for rejecting this testimony requires that it be accepted as true. Brown v. Sullivan, 921 F.2d at 1236 (citing Hale v. Bowen, 831 F.2d at 1011).

2) The ALJ failed to call a vocational expert to establish plaintiff able to work or the availability of jobs in the economy.

For the above reason the court holds that the decision of the Commissioner is REVERSED. An order consistent with this opinion is being entered contemporaneously herewith.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of Social Security be and it hereby is REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be granted the benefits claimed.

It is FURTHER ORDERED that the Commissioner withhold from payments

---

9. Whenever a claimant asserts disability through testimony of pain or other subjective symptoms, the Eleventh Circuit standard requires:

  1. evidence of an underlying medical condition and either

  2) objective medical evidence confirming the severity of the alleged pain arising from that condition or

  3) that the objectively determined medical condition is of such severity that it can reasonably be expected to cause the alleged pain.

Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991). See also Elam v. Railroad Retirement Board, 921 F.2d 1210, 1215 (11th Cir. 1991); Lamb v. Bowen, 847 F.2d 698, 702 (11th Cir.1988); Hand v. Heckler, 761 F.2d 1545, 1548 (11th Cir.1985).

More recently, in Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir.2002), the court announced the pain standard as follows:

In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the

objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

In Brown v. Sullivan, 921 F.2d 1233 (11th Cir.1991), the court said:

The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987); MacGregor, 786 F.2d at 1054; Landry v. Heckler, 782 F.2d 1551, 1552 (11th Cir.1986). If the Secretary decides not to credit such testimony, he must discredit it explicitly, MacGregor at 1054, and articulate explicit and adequate reasons for doing so. Hale, 831 F.2d at 1011. Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Hale, at 1011; MacGregor, at 1054. Brown v. Sullivan, 921 F.2d at 1236. As in Brown, Ms. Golden's subjective testimony in the present case is well supported by objective medical evidence (multiple MRI's, x-rays, tenderness) of degenerative disc disease of the lumbar spine with loss/collapse of joint space—underlying conditions which could reasonably be expected to produce her pain.

which he may determine are due plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of section 206 of the Social Security Act, as amended 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fees to be allowed plaintiff's counsel for services rendered in representing the plaintiff in this cause.

It is FURTHER ORDERED that pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby GRANTED an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*