**Jimmie S. EZELL, Plaintiff,**

v.

**Larry G. MASSANARI,[1] Acting Commissioner of Social Security, Defendant.**

**Civil Action No. 00–0975–RV–M.**

United States District Court, S.D. Alabama, Southern Division.

Aug. 31, 2001.

---

1. Larry G. Massanari became the Acting Commissioner of Social Security on March 29, 2001. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Larry G. Massanari should be substituted, therefore, for Commissioner Kenneth S. Apfel as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Gilbert B. Laden, Mobile, AL, for plaintiff.

Patricia Nicole Beyer, U.S. Attorney's Office, Mobile, AL, for defendant.

### ORDER

VOLLMER, Senior District Judge.

After due and proper consideration of all pleadings in this file, and there having been no objections filed, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

It is ORDERED that the decision of the Commissioner be REVERSED and that this action be REMANDED for further administrative procedures not inconsistent with the orders of this Court.

### REPORT AND RECOMMENDATION

MILLING, United States Magistrate Judge.

In this action under 42 U.S.C. § 405(c), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits. The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on August 20, 2001. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be reversed, that this action be remanded, and that judgment be entered in favor of Plaintiff Jimmie S. Ezell and against Defendant Larry G. Massanari.

■ This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983), which must be supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler,* 724 F.2d 914, 918 (11th Cir.1984).

Plaintiff was born December 18, 1961. At the time of the administrative hearing, Ezell was thirty-six years old, had completed an eighth-grade education (Tr. 56), and had previous work experience as a deck hand, laborer, and truck driver (Tr. 62–63). In claiming benefits, Plaintiff alleges disability due to "anxiety and depression, status post anterior cervical discectomy/fusion at C6–7 for herniated disc with left C7 radiculopathy, cervical degenerative disc disease with disc herniations at C3–4, C5–6 and C6–7, and borderline intellectual functioning with functional illiteracy" (Doc. 11, p. 3).

The Plaintiff protectively filed an application for disability benefits on May 21, 1997 (Tr. 13, 81–84). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Ezell was incapable of performing his past relevant work, he could perform a full range of sedentary jobs in the national economy (Tr. 10–33). Plaintiff requested review of the hearing decision (Tr. 7–9) by the Appeals Council, but it was denied (Tr. 4–5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Ezell alleges that: (1) He meets the requirements of Listing 12.05C; and (2) the ALJ improperly rejected the opinions and diagnoses of his treating physician (Doc. 11). The Court will address the second of Plaintiff's two claims, finding it unnecessary to address the first.

Ezell claims that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's treating physician. Plaintiff refers specifically to the opinions of Dr. Charles E. Herlihy, a psychiatrist and neurologist. It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclu-

sion." *Oldham v. Schweiker,* 660 F.2d 1078, 1084 (5th Cir.1981);[2] *see also* 20 C.F.R. § 404.1527 (2000).

Plaintiff, as part of his argument regarding his treating physician, asserts that he suffers from nonexertional impairments which were not properly considered by the ALJ (Doc. 11, pp. 23–24). Nonexertional impairments are limitations one suffers that can not be measured in terms of strength. 20 C.F.R. § 404.1569a(a) (2000). When nonexertional factors, such as pain or the effects of medications, are alleged, "the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert." *MacGregor v. Bowen,* 786 F.2d 1050, 1054 (11th Cir.1986), *citing Cowart v. Schweiker,* 662 F.2d 731, 736 (11th Cir. 1981).

Specifically, as found by the ALJ, Ezell has severe impairments characterized as "borderline intellectual functioning, a depressive disorder, and dysthymic disorder" for which he has sought treatment from Dr. Charles E. Herlihy for more than two years (Tr. 17); these mental deficiencies are nonexertional impairments. Dr. Herlihy has also treated Ezell's pain which resulted from a ruptured cervical disc (*see* Tr. 217–23, 236, 263); pain is a nonexertional impairment. Herlihy expressed the opinion that medications prescribed for Plaintiff's pain[3] could be expected to cause side effects which severely "limit his effec-

---

**2.** The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**3.** The record is replete with references to Plaintiff's taking Tylox, a class II narcotic used "for the relief of moderate to moderately severe pain." *Physician's Desk Reference* 2217 (54th ed.2000).

Plaintiff's most recent medication list includes Roxilox, Carisoprodol, Ultram, and Ambien (Tr. 331). *Roxilox* appears to be a

new version of Tylox. *See Physician's Desk Reference* 2705 (54th ed.2000). *Carisoprodol* is a muscle relaxer used "for the relief of discomfort associated with acute, painful musculoskeletal conditions." *Physician's Desk Reference* 3160 (54th ed.2000). *Ultram* is an analgesic "indicated for the management of moderate to moderately severe pain." *Physician's Desk Reference* 2218 (54th ed.2000). *Ambien* is a class IV narcotic "indicated for the short-term treatment of insomnia." *Physician's Desk Reference* 2884 (54th ed.2000).

tiveness [in working] due to distraction, inattention, drowsiness, etc" (Tr. 285). Medication side effects are considered to be a nonexertional impairment. Ezell has five nonexertional impairments.

The ALJ discounted Dr. Herlihy's opinions regarding Plaintiff's impairments, finding them inconsistent with the other evidence of record as well as internally inconsistent (Tr. 23–24). The Court is not going to specifically address those findings except to note that the ALJ concluded that Ezell was only slightly limited because of his mental impairments (Tr. 25). The ALJ also specifically found that Plaintiff's "pain does not rise to the level of a significant, functionally limiting non-exertional impairment" (Tr. 27). In light of the discussion to follow, the Court finds that assertion unsupported by substantial evidence.

■ The Court notes that the ALJ failed to address Herlihy's assertion that Ezell's medications would limit his ability to work (*see* Tr. 285). The Court, in footnote three, has set out the medications which Plaintiff takes on a regular basis; two of them are narcotics. The ALJ's only reference to Ezell's medications was the note that he did not complain at the hearing of side effects (Tr. 17). Under existing case law of the Eleventh Circuit, "[t]he Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor*, 786 F.2d at 1053, *citing Broughton v. Heckler*, 776 F.2d 960, 961–62 (11th Cir.1985); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389–90 (11th Cir.1982). While the ALJ has discussed his reasons for rejecting some of Dr. Herlihy's opinions, the ALJ has not met this burden regarding the treating physician's opinion

concerning the side effects of Ezell's medications.

■ The ALJ also determined that a vocational expert (VE) was not necessary, opting instead to use the Medical–Vocational Guidelines to determine that Ezell was not disabled (Tr. 27). While the Court is mindful of the purpose and need for the Grid and understands that it can be used in many circumstances instead of a VE, this is not one of those occasions.

The ALJ found that Plaintiff had three severe impairments which are also nonexertional impairments. The Eleventh Circuit Court of Appeals has held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady*, 724 F.2d at 920; *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir.1985); *cf.* 20 C.F.R. § 404.1521(a) (2000).[4] The appellate court has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir.1986).

By definition, Ezell's three mental/nonexertional impairments affect his ability to work. Plaintiff also suffers from pain; his pain medications have side effects which impair his ability to work. These five nonexertional impairments, when considered in combination, *see* 42 U.S.C. § 423(d)(2)(C), *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.1984), affect Ezell's ability to work in ways that would require a

---

4. "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

VE to testify as to his abilities. The Court finds that the ALJ's decision to not call a VE to testify as to Plaintiff's ability to work is not supported by substantial evidence.

The Court finds that the ALJ improperly ignored the treating physician's assertion that Plaintiff's pain medications impaired his ability to work. The doctor's statement also calls into question the ALJ's finding that Plaintiff's pain did not rise to the level of a significant, functionally limiting nonexertional impairment. Additionally, the Court finds that the ALJ should have called a VE to testify as to Ezell's ability to work in spite of his nonexertional impairments. Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.

Therefore, it is recommended that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the taking of evidence regarding Plaintiff's pain and the effect his medications have on his ability to work. Additionally, the ALJ should call a VE to testify as to Ezell's ability to work.

Furthermore, it is recommended that a final judgment be entered ordering remand in this action pursuant to sentence four of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

*MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT*

1. *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc* ). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable where proceedings tape recorded).* Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

August 20, 2001.