Evelyn FLYNN, Plaintiff-Appellant,

v.

Margaret HECKLER, Secretary, Department of Health and Human Services, Defendant-Appellee.

No. 84-3879
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 16, 1985.

Sarah H. Bohr, Kent R. Spuhler, Jacksonville Area Legal Aid, Inc. Jacksonville, Fla., for plaintiff-appellant.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

The Appellant, Evelyn Flynn, claimed Social Security disability insurance benefits on the basis of an alleged disability arising March 12, 1979, due to hypertension. The Administrative Law Judge who reviewed her case denied the claim, finding that the appellant's hypertension did not constitute a "severe impairment" as required by 20 C.F.R. § 404.1520(c) (1985).[1] Appellant then sought administrative review which was denied.

Appellant thereafter commenced this action in federal district court, alleging the Secretary's decision was based upon incorrect principles of law and was not supported by substantial evidence. The action was referred to a United States magistrate who concluded that the appellant's claim was meritorious and found, in a Report and Recommendation, that the Secretary's decision was not supported by substantial evidence. No objections to the Report and Recommendation were filed. Nevertheless, the district court, entering into an independent review of the record, concluded that substantial evidence supported the determination that appellant did not suffer from a "severe impairment." On this basis the district court affirmed the decision of

1. The text and interpretation of this regulation are discussed *infra* at pp. 1274-75.

the Secretary. The appellant appeals from that judgment.

 In reviewing this case, we note that the appellant bears the burden of demonstrating that the Secretary's decision, as affirmed by the district court, is not supported by substantial evidence. *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981) (per curiam). We do not reweigh the evidence nor substitute our judgment for that of the Secretary. *Smith v. Heckler*, 707 F.2d 1284, 1285 (11th Cir.1983).

The appellant argues that the Secretary and the district court applied an incorrect legal standard in evaluating the threshold question of "severe impairment." This alleged error terminated the sequential evaluation process dictated by the statute and regulations.[2] The appellant argues that, had that evaluation process continued, the evidence would have directed a finding of disability because uncontradicted medical evidence demonstrates the existence of an uncontrollable, severe hypertension, which condition is disabling because it could become life threatening should the appellant return to her workplace.

In denying the disability claim the administrative law judge relied upon 20 C.F.R. § 404.1520(c) (1985) which in pertinent part provides:

(c) *You must have a severe impairment.* If you do not have any impairment(s) or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c) (1984). This threshold finding is elaborated on in 20 C.F.R. § 404.1521 (1985) which provides:

(a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental abilities to do basic work activities.

(b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and attitudes necessary to do most jobs. Examples of these include—

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521 (1985).

In *Brady v. Heckler*, 724 F.2d 914 (11th Cir.1984), we held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." 724 F.2d at 920. *See also Edwards v. Heckler*, 736 F.2d 625, 630 (11th Cir.1984). The regulation in question remains substantially unchanged. Thus the issue before us is whether the evidence of record in this case provides substantial support—more than a scintilla, less than a preponderance—for the Secretary's finding that the appellant's

---

**2.** The regulatory, sequential evaluation process is described in 20 C.F.R. § 404.1520(a). That section provides:

(a) Steps in Evaluating Disability. We consider all material facts to determine whether you are disabled. If you are doing substantial gainful activity, we will determine that you are not disabled. If you are not doing substantial gainful activity, we will first consider your physical or mental impairment(s). Your impairment(s) must be severe and meet the duration requirement before we can find you to be disabled. We follow a set order to determine whether you are disabled. We review any current work activity, the severity of your impairment(s), your residual functional capacity and your age, education, and work experience. If we can find that you are disabled or not disabled at any point in the review, we do not review further.

20 C.F.R. § 1520(a) (1985).

hypertension is merely a slight abnormality with minimal effect on her general ability to work. *See e.g., Edwards,* 736 F.2d at 630.

As we construe § 404.1520(c), and the caselaw interpreting that section, we are required to ask whether a reasonable mind could review the appellant's evidence of hypertension and still conclude that that condition has only a minimal effect on her ability to perform the most general and rudimentary functions of a work activity as those functions are set out in the regulation, 20 C.F.R. § 404.1521(b). In other words, the issue is whether or not hypertension has only a minimal effect on her ability to: walk, stand, sit, lift, push, pull, reach, carry, or handle, etc. We turn to the record.

At the hearing before the Administrative Law Judge it was established that the appellant is presently 64 years of age, 5'.1" tall with a weight of approximately 172 pounds. Medical evidence in the record consisted of the opinion of two physicians, the appellant's physician, Dr. Stephens, and an examining physician, Dr. Garten, who examined the appellant at the request of her employer's disability insurer. Both physicians concurred that the appellant was unable to return to her duties in former employment.[3] The appellant has been hospitalized three times for essential hypertension. The last hospitalization occurred in 1979 and the appellant has not returned to work since that time. The appellant testified that she was able to read, watch television, embroider, attend church, and drive an automobile short distances. She stated she has dull headaches and occasional dizziness of short duration. The appellant performs housework for herself and her husband, and accomplishes other light duties in the home. Finally, documentary evidence established the appellant has sustained minimal end organ damage, with some eye ground changes, but without

hemorrhage. She has a slight cardomegaly without typical angina. She has been warned by her physician that, should she return to her former duties, "[s]he has good reason to be fearful that her work will cause her blood pressure to elevate again and may possibly cause stroke or heart attacks." Record on Appeal at 124. The appellant receives full disability payments from her employer's disability insurer.

Our concern in this case is that the Secretary, ostensibly making a threshold determination of "severe impairment," has foreclosed the appellant's ability to demonstrate the merits of her claim for disability with respect to her former work activities. We find it difficult to believe that a record containing uncontroverted medical testimony from two examining physicians, one of whom was examining the appellant at the request of her disability insurer, who concluded that the appellant is totally disabled to return to her specific former work activities, is a record which provides substantial support for a finding of "no severe impairment" as that term has been defined in *Brady.* The Administrative Law Judge's decision was made more than two years before *Brady* was decided. Had the Administrative Law Judge had benefit of our opinion in *Brady,* we believe he would of necessity have concluded that the threshold showing of a "severe impairment" was made. On this basis we conclude that the record does not contain substantial evidence to support the finding that the appellant has failed to make out a "severe impairment," within the meaning of the applicable regulations and statutes.

We therefore reverse the finding of the district court affirming the Secretary's decision, and remand this case for a continuation of the sequential evaluation process dictated by 20 C.F.R. § 404.1520 (1985).[4]

REVERSED and REMANDED.

---

3. We acknowledge that under the "severe impairment" determination, the ability of the claimant to return to former employment is not at issue. We are here merely summarizing the facts of record in this case.

4. We express no opinion on the merits of the appellant's entitlement to disability. We merely hold that the threshold requirement to the process by which that determination may be made, the sequential evaluation process of 20 C.F.R.

§ 404.1520, has been met under the facts of this case.