Nelda A. PARKER, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services,
Defendant-Appellee.

No. 84–7678.

United States Court of Appeals,
Eleventh Circuit.

July 9, 1986.

Floyd R. Gibson, Senior Circuit Judge,
sitting by designation, dissented and filed
opinion.

James A. Turner, Turner, Turner & Turner, Tuscaloosa, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Birmingham, Ala., Jenny L. Smith, Asst. U.S. Atty. William Kanter, Howard S. Scher, Appellant Staff, Civ. Div., Dept. of Justice, Washington, D.C. for defendant-appellee.

Before FAY and ANDERSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

In *Parker v. Bowen*, 788 F.2d 1512 (11th Cir.1986), the en banc court vacated the panel opinion in *Parker v. Heckler*, 763 F.2d 1363 (11th Cir.1985), and remanded the case to the panel for further proceedings. The en banc court held that the proper scope of judicial review in Social Security cases focuses on the substantiality of the evidence supporting the Appeals Council's decision, even when the Appeals Council has rejected the decision of the Administrative Law Judge ("ALJ"). 788 F.2d at 1516–20. The court also held that if the Appeals Council rejects the ALJ's credibility findings, the substantiality of the evidence may be affected, and therefore the Appeals Council should ordinarily provide reasons for its rejection of the ALJ's credibility findings; such rejection in light of the stated reasons must be supported by substantial evidence on the record as a whole. *Id.* at 1520–22. We now reconsider this case in light of the foregoing standards.

Parker was born in 1932 and was trained as a licensed practical nurse. Her past relevant work experience was as a nurse, bookkeeper, and general office worker in Dr. Wheeler's office. During the last three years of her employment, her declining health forced her to work on a part-time basis, and in March 1983 she finally retired. She has not worked since that time.

In March 1983, Parker applied for disability benefits, alleging that she was unable to work due to renal artery dysplasia, diabetes, hypertension, and neuritis of the hands and feet. The ALJ found that she suffered from hypertensive cardiovascular disease, fibromuscular dysplasia, and exogeneous obesity, and concluded that these impairments in combination rendered her disabled. In reaching this conclusion, the ALJ determined that the testimony of Parker and her employer, Dr. Wheeler, was credible.[1]

The Appeals Council, however, reviewed the ALJ's decision on its own motion, and found that Parker was not disabled. In reaching this conclusion, the Appeals Council found that Parker's allegations of disabling subjective symptoms were not credible,[2] both because the evidence did not es-

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. Although the ALJ did not expressly find that Parker's and Dr. Wheeler's testimony was credible, the ALJ did discuss their testimony in detail and concluded that "the probative medical evidence and the testimony of the claimant and [Dr. Wheeler] support a conclusion that [she] is under a 'disability' as that term is defined in the Social Security Act." Record on Appeal, vol. 2 at 16. Because of the importance of their testimony to the ALJ's finding of disability, we conclude that the ALJ implicitly found their testimony to be credible. *See, e.g., Tieniber v. Heckler*, 720 F.2d 1251, 1254–55, (11th Cir.1983) (ALJ need not make express credibility finding, but "the implication must be so clear as to amount

to a specific credibility finding"); *Allen v. Schweiker*, 642 F.2d 799, 801 (5th Cir. Unit B 1981) (ALJ need not make explicit credibility finding if implication is "clear").

2. The Appeals Council did not expressly reject the ALJ's implicit finding that Parker's testimony was credible, but after discussing her subjective symptoms, the Appeals Council did conclude that "[t]he evidence does not establish a medically determinable basis for the claimant's subjective complaints to the degree of severity alleged." Record on Appeal, vol. 2 at 9. In *Parker*, the en banc court explained that while the Appeals Council's express rejection of the ALJ's credibility findings was preferable, it would be possible to review the Appeals Council's decision if the implied finding is sufficient-

tablish the existence of a medical condition that could reasonably be expected to produce symptoms of the severity alleged, and because her daily activities and her ability to care for her personal needs have not been significantly restricted.[3] The Appeals Council, however, neither discussed Dr. Wheeler's testimony nor explained why his testimony was not credible. The Appeals Council also considered Dr. Todd's opinion that Parker was disabled,[4] but rejected his opinion apparently because the absence of end organ complications established that her hypertension was not severe.[5]

We conclude that the Appeals Council's explanations for its rejection of the ALJ's credibility findings do not satisfy the *Parker v. Bowen* requirements. Turning to the Appeals Council's primary justification (the absence of a medically determinable basis for Parker's subjective complaints), we find that the record does contain evidence of a medical condition that could reasonably be expected to produce the symptoms complained of by Parker. The medical evidence establishes that she has had a history of high blood pressure, which has not been adequately controlled

by medication. *See, e.g.,* Record on Appeal, vol. 2 at 34–36, 146–48, 179–84, 197. The record also indicates that high blood pressure and the side effects of her medications could cause the symptoms of which she complains. *See id.* at 48–50, 197. The Appeals Council's failure to even mention Dr. Wheeler's testimony, which the ALJ found to be credible, is especially troubling. Dr. Wheeler, who had employed Parker for approximately 20 years, corroborated her claim that at work, she had experienced weakness, visual problems and difficulty in standing, and indicated that when her blood pressure was taken at work, her systolic pressure was over 200, and her diastolic pressure was over 150. *Id.* at 48–50. He also confirmed that the side effects of her medications and her high blood pressure could cause drowsiness, weakness and blurred vision—the symptoms of which she complained. *Id.* at 49–50. Since the Appeals Council has not explained why the medical evidence and Dr. Wheeler's testimony would not establish a medical basis for her symptoms, we conclude that the first explanation does not comply with the *Parker v. Bowen* requirements.[6]

ly clear. 788 F.2d at 1521–22 & n. 11. In the instant case, the Appeals Council's finding that there is no medical impairment that could reasonably be expected to produce symptoms of the severity alleged clearly implies that the Appeals Council did not find her testimony concerning her subjective symptoms to be credible.

3. In its discussion of Parker's subjective complaints, the Appeals Council also noted that she has received only low maintenance doses of her medications, and that appropriate monitoring of her medication should minimize any side effects. Record on Appeal, vol. 2 at 8. These observations, however, do not explain why Parker's allegations were not credible, but rather go to the question of whether her present condition can be improved.

4. In his July 1983 report, Dr. Todd concluded that "even though many of the objective studies on this patient seems [sic] to be normal, I consider the patient to be medically unable to work." Record on Appeal, vol. 2 at 197. Dr. Todd indicated that Parker's high blood pressure (190/100) has not been adequately controlled by medication, and that the side effects of her medication could be responsible for her "malaise" and fatigue. *Id.*

5. The Appeals Council's decision provides in relevant part:

The Council has carefully considered the opinion of Dr. Todd that the claimant is medically unable to work. However, "disability" is a legal determination that requires reliance on the Social Security Act and its implementing regulations, factors that are not within a physician's area of expertise. Further, a physician's opinion is accorded weight only insofar as it is supported by objective medical findings and is consistent with the other evidence of record. Dr. Todd has not provided any clinical findings to support his assessment. Therefore, the Council concludes that his opinion is controverted by the evidence which shows that there are no end organ complications.
Record on Appeal, vol. 2 at 8.

6. The instant case is distinguishable from *Hand v. Heckler,* 761 F.2d 1545 (11th Cir.1986), in which the Appeals Council also rejected an ALJ's credibility finding because there was no evidence of a medical basis for the claimant's pain. In *Hand,* the Appeals Council had discussed the opinion of Dr. Pruce, the only medical evidence that arguably provided a basis for the claimant's pain, and rejected it both because it was a conclusory opinion unsupported by any

■ The Appeals Council's second justification—that her daily activities and her ability to care for her personal needs have not been significantly affected—is not supported by substantial evidence on the record as a whole. This explanation is apparently based on Parker's testimony that she could do simple household chores. Record on Appeal, vol. 2 at 39. The Appeals Council, however, ignored other evidence that her daily activities have been significantly affected. For example, she testified that she had to lie down every two hours, *id.* at 42–43, and Dr. Wheeler discussed the problems she had experienced at work (difficulty in standing, fatigue and blurred vision), *id.* at 48–50.[7] We have consistently held that in ascertaining whether the Secretary's findings are supported by substantial evidence, we do not consider only those parts of the record that support those findings, but rather must "view the entire record and take account of evidence in the record which detracts from the evidence relied on by the [Secretary]." *Tieniber,* 720 F.2d at 1253; *see also Owens v. Heckler,* 748 F.2d 1511, 1514 (11th Cir. 1984). After considering all of the evidence in the record, we conclude that there is not substantial evidence to support the Appeals Council's finding that Parker's daily activities have not been significantly restricted.

We also hold that the Appeals Council improperly disregarded the findings of Parker's treating physician. We have repeatedly held that the Secretary must accord "substantial" or "considerable" weight to the opinion of a claimant's treating physician unless "good cause" is shown

to the contrary. *See, e.g., Broughton v. Heckler,* 776 F.2d 960, 961 (11th Cir.1985); *Spencer ex rel. Spencer v. Heckler,* 765 F.2d 1090, 1093–94 (11th Cir.1985). As we explained in *Broughton,* " '[i]t is not only legally relevant but unquestionably logical that the opinions, diagnosis and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over considerable length of time, should be given considerable weight.' " 776 F.2d at 962 (quoting *Smith v. Schweiker,* 646 F.2d 1075, 1081 (5th Cir.1981)).

■ In the instant case, the Appeals Council stated that it had considered the opinion of Parker's treating physician, Dr. Todd, but found that there were no clinical findings to support his conclusion that she was medically unable to work. This conclusion was apparently based on Social Security Ruling 82–55, which provided that hypertension without significant end organ damage was not a severe impairment. This explanation, however, does not constitute "good cause" to disregard Dr. Todd's report. Courts have recognized that hypertension without significant end organ damage may be a severe impairment, *see, e.g., Flynn v. Heckler,* 768 F.2d 1273, 1274–75 (11th Cir.1985) (hypertension may be severe with only minimal end organ damage, i.e., in absence of significant end organ damage); *Martin v. Secretary of Department of Health, Education & Welfare,* 492 F.2d 905, 909–10 (4th Cir.1974) (same), and SSR 82–55 has been rescinded, SSR 85–III–II (April 1985).[8] Since hypertension without significant end organ damage may constitute a severe impairment, and since the

---

laboratory or clinical findings and because it conflicted with the opinion of the claimant's treating physicians and the consulting neurologist. *Id.* at 1547. We held that this was an adequate explanation and was supported by substantial evidence, thus satisfying the *Parker v. Bowen* requirements. *Id.* In the instant case, however, the Appeals Council has not explained why the evidence supporting Parker's allegations should be discounted.

7. There is nothing in the Appeals Council's decision to suggest that such testimony was found to be incredible.

8. The Secretary concedes that hypertension *with* significant end organ damage is the test under 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 104.03 (1985) for ascertaining whether a claimant's hypertension is per se disabling. *See* Appellee's Panel Brief at 17 n. 3. The fact that hypertension *without* significant end organ damage is not a per se disability does not mean that this condition cannot constitute a disability impairment.

record contains medical evidence establishing that Parker suffers from hypertension which has not been adequately controlled by medication, we hold that the Appeals Council applied an erroneous legal standard with respect to the findings of the treating physician.

Finally, the Appeals Council's finding of non-severe hypertension was apparently based on its conclusion that hypertension without significant organ damage could not be a severe impairment. To the extent that the finding of non-severe hypertension rested on the absence of end organ damage, we conclude that the Appeals Council applied an incorrect legal standard. We have held that in order for an impairment to be non-severe, "it [must be] a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984); *see also Flynn*, 768 F.2d at 1274; *Edwards v. Heckler*, 736 F.2d 625, 630 (11th Cir.1984). In *Flynn*, we specifically held that hypertension with only minimal end organ damage may qualify as a severe impairment under this test. 768 F.2d at 1275. Since the Appeals Council did not consider whether her hypertension had only a "minimal effect" on her ability to do basic work activities, we remand for the Secretary to apply the correct legal standard.[9]

For the foregoing reasons, we reverse the district court's order affirming the Secretary's denial of disability benefits, and remand for the Appeals Council to reevaluate the credibility of Parker and Dr. Wheeler in light of the standards set forth in *Parker v. Bowen*, 788 F.2d 1512 (11th Cir. 1986) (en banc), and to reevaluate the evidence in light of our holding with respect to the treating physician and with respect to the severity of her hypertension.

REVERSED and REMANDED.

9. We note that if Dr. Wheeler's and Parker's testimony is credited, and if the Secretary does not have "good cause" for rejecting Dr. Todd's

GIBSON, Senior Circuit Judge, dissenting:

I respectfully dissent. As I indicated in my dissent from the majority's initial opinion, the Appeals Council's decision is, in my view, supported by substantial evidence. *See Parker v. Heckler*, 763 F.2d 1363, 1366 (11th Cir.1985) (Gibson, J., dissenting). I also believe that the Appeals Council's rejection of the ALJ's credibility findings does in fact satisfy the requirements set forth in *Parker v. Bowen*, 788 F.2d 1512, 1519–1522 (11th Cir.1986) (en banc).

The substantial evidence standard permits administrative decision makers to act with considerable latitude, and "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). Consequently, "an administrative agency's decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984). I would affirm the district court's decision because I feel that the Appeals Council's decision is supported by substantial evidence. The statements in Parker's application indicate that she cares for her personal needs, performs household chores, does the grocery shopping, and attends church regularly. Parker testified that she *thought* her medications caused her blurred vision and difficulty in standing. Doctor Todd, her treating physician, indicated that her medication also *could be* responsible for her malaise and fatigue. Although Dr. Todd stated that he thought she was "medically unable to work," he also stated that "many of the objective studies [seem] normal." Doctor Ayers, another treating physician, attributed her prolonged Apersoline treatment as the cause of her arthralgias and myalgias. Although Doctor Ayers noted that Parker

opinion, it is unlikely that her hypertension is not a severe impairment.

had some tenderness and puffiness of the heel, he found no joint swelling or limitation of movement. In fact, Doctor Ayers concluded that her problem was primarily a local mechanical problem involving the heels. Doctor Ayers prescribed heel cups and recommended injections to ease the pain. Parker testified, however, that she did not take the injections because the pain was not severe. The evidence merely establishes that she has several problems that *may* be caused by her medications. The Council adequately addressed and rejected the possibility that the side effects of the medication were disabling. Moreover, although the record indicates that Parker has hypertension, no evidence of minimal end organ damage exists. *See Flynn v. Heckler*, 768 F.2d 1273, 1274–75 (11th Cir.1985) (record supported a finding of severe impairment where the claimant suffered from hypertension with minimal end organ damage, in addition to several other impairments). Here, substantial evidence exists to support the Council's decision, a decision to which we must give deference.

I also believe that the Appeals Council properly rejected the ALJ's credibility findings. The Council specifically addressed the issue of the side effects of her medication and concluded that the "low" and "routine" maintenance level doses of the medication caused only minimal side effects. Record at 8. Although the Council did not specifically address her employer's testimony, that testimony merely corroborated Parker's statements regarding the side effects. When the Council rejected her testimony concerning the side effects of the medication, it obviously rejected her employer's testimony. *See Parker v. Bowen*, 788 F.2d at 1521 n. 11 (en banc) ("the reviewing court's function is not frustrated if the Appeals Council's implicit rejection and explanation are sufficiently clear"). The Council also implicitly discredited the testimony that she had to lie down for fifteen to twenty minutes every two to three hours when it concluded that her ability to perform her daily activities and her ability to care for herself were not

*significantly* affected. Finally, the Council had "good cause" for discrediting Dr. Todd's findings. The Council relied on SSR–82–55, which provided that hypertension without significant end organ damage is not a severe impairment. Although the current status of 82–55 is "[o]bsoleted without replacement," it does not necessarily follow that the Secretary has taken the position that "minimal" end organ damage is sufficient. I am aware that in *Flynn* minimal end organ damage was sufficient; however, the medical evidence in that case was much stronger and the claimant suffered from several impairments, the cumulative effect of which resulted in a finding of severe impairment. Moreover, the record in this case does not support a finding of minimal end organ damage.

In conclusion, I would affirm the decision of the district court. The substantial evidence of the record supports the Appeals Council's decision, and the Council's credibility findings satisfy the requirements set forth in *Parker v. Heckler* (en banc).