[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12769
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00090-MP-CAS

DAVID A. BOYETTE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,
UNITED STATES ATTORNEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 18, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

David Boyette appeals the judgment of the District Court affirming the decision of the Acting Commissioner ("Commissioner") of the Social Security Administration ("SSA") denying his application for disability insurance benefits under Title II of the Social Security Act. The issue he presents is whether the Administrative Law Judge ("ALJ") "erred by not giving great weight to the decision of the Veterans Administration ("VA") that [he] was . . . entitled to individual unemployable rating (100% disability rating) . . . as of November 21, 2008." Appellant's Br. at 1. We conclude that the ALJ did not err in considering the VA's disability finding and that substantial evidence supports the Commissioner's decision. We therefore affirm the District Court's judgment.[1]

In determining whether the Commission's decision is supported by substantial evidence, we are mindful that substantial evidence is "more than a scintilla." Rather, it is such relevant evidence as a reasonable person would accept as adequate to support a conclusion that a claimant is or is not entitled to benefits.

---

[1] Boyette's applied for disability insurance benefits in February 2010, alleging that he became disabled on July 17, 2007, due to physical impairments. He worked after that, from April to November 2008, and from April to November 2009, as an assistant football coach for an average of two hours a day. He stopped working on both occasions not because of his disability but because the football season ended in November. The state agency responsible for disability determinations at the initial and reconsideration levels of review found Boyette not disabled. On June 13, 2011, the ALJ held a hearing on Boyette's application for benefits. Boyette, who was represented by counsel, and a vocational expert testified at the hearing.

Boyette testified that several conditions limited his ability to work: (1) degenerative disc disease; (2) degenerative joint disease/postthrombotic syndrome; (3) postphlebotic syndrome in his legs; (4) Factor V coagulation defect; (5) hypertension; (6) tinnitus; (7) tension headaches; (8) sleep apnea; and (9) chronic sinusitis. The ALJ found Boyette not disabled under the Social Security Act, concluding that he was still capable of performing his past relevant work as an administrative assistant and hearing officer.

Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam).  At the end of the day, if we conclude that the ALJ (whose decision became the Commissioner's) ruled on the claimant's application for benefits on the basis of such evidence, we will defer to the ALJ's decision even if the evidence preponderates against it.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam).

For Social Security purposes, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  The Commissioner uses a five-step, sequential evaluation process to determine whether a claimant is disabled.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).  This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe and medically determinable impairment; (3) has an impairment, or combination thereof, that meets or equals a Listing, and meets the duration requirement; (4) can perform his past relevant work, in light of his residual functional capacity (RFC); and (5) can make an adjustment to other work, in light of his RFC, age, education, and work experience.  Id.; 20 C.F.R. § 416.920(a)(4).  The claimant's RFC is an assessment, based upon

3

all the relevant evidence, of the claimant's ability to do work despite his impairments. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. § 416.945(a)(1). The claimant bears the "heavy burden" to demonstrate "both a qualifying disability and an inability to perform past relevant work." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for those decisions, so as to enable a reviewing court to determine whether the ultimate decision is based on substantial evidence. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision," so long as the ALJ's decision is not just "a broad rejection" that does not enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. Dyer, 395 F.3d at 1211. The ALJ may make fact findings implicitly if the implication is sufficiently clear. See Parker v. Bowen, 793 F.2d 1177, 1178 nn. 1–2 (11th Cir. 1986) (discussing credibility findings).

Pursuant to 20 C.F.R. § 404.1504, a decision by any other government agency, such as the VA, regarding a claimant's disabled status "is based on [that agency's] rules and is not [the commissioner's] decision" as to disability. 20 C.F.R. § 404.1504. Instead, the Commissioner must "make a disability . . . determination based on social security law." Id. VA disability

ratings are thus not binding on the ALJ, but such ratings should be considered and "given great weight." Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984) (quotation omitted). In Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. Unit A, March 25, 1981) (per curiam)[2], the court stated that "[a] VA rating of 100% disability should have been more closely scrutinized by the ALJ," because the ALJ mentioned the VA rating but "obviously refused to give it much weight." The court noted that VA disability ratings are nonbinding but "should be considered" and are "entitled to great weight." Id.; see also 20 C.F.R. § 404.1504.

In the instant case, the ALJ expressly acknowledged the VA's determination that Boyette was entitled to total disability on the basis of individual unemployability ("TDIU"), and she also noted that this determination was not binding. Although the ALJ did not assign an express level of weight to the VA disability rating itself, except to say that it was not entitled to controlling weight, she scrutinized the VA's decision and explained in detail why it was not entitled to controlling weight. The ALJ considered and assigned weight to the VA examiners' opinions, VA primary care provider opinions, and VA treatment records. In fact, the ALJ appears to have given great weight to the VA examiners' opinions that Boyette was capable of light or sedentary employment, which she concluded were consistent with the medical evidence and record evidence as a

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

whole.  However, the ALJ noted that other agencies determined disability under parameters other than those used by the SSA, and thus, while the clinical findings reported by the VA medical staff were given "appropriate weight," the VA's final opinion as to degree of disability was not entitled to controlling weight.  Cf. Phillips v. Barnhart, 357 F.3d 1232, 1240–41 (11th Cir. 2004) (stating that the ALJ must give treating physician testimony substantial or controlling weight unless there is "good cause" not to do so, and explaining that good cause exists when the treating physician's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the opinion was conclusory or inconsistent with the physician's own medical records).  Thus, although the ALJ declined to give controlling weight to the VA disability determination and did not expressly state she gave "great" weight to it, there is no indication that she failed to give the VA's determination great weight or consideration.  See Brady, 724 F.2d at 921; see also Parker, 793 F.2d at 1178 nn. 1–2.

Boyette does not present any other objection to the ALJ's decision. Although he contends that it is more difficult to obtain a TDIU rating than it is to obtain SSA disability benefits, even the VA's TDIU ratings are not binding on the ALJ and are not determinative as to whether the ALJ's decision is supported by substantial evidence.  See Brady, 724 F.2d at 921.  Here, the ALJ correctly noted that the VA disability determination is guided by different factors than those for

SSA disability.  Where, as here, the VA treatment notes, examining VA doctors' opinions, treating doctors' opinions, and state agency assessments all support the ALJ's RFC assessment, the ALJ did not err in her treatment of the VA's disability determination.  Thus, the ALJ's finding of no disability is supported by substantial evidence.

AFFIRMED.