[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14234
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-23693-JLK

JAVIER DELGADO,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 9, 2021)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Javier Delgado appeals the district court's affirmance of the Commissioner of the Social Security Administration's (the "Commissioner") denial of his claim for a period of disability and disability insurance benefits. He makes four arguments on appeal. First, he says the Administrative Law Judge ("ALJ") erred by failing to characterize his past work as a composite job. Second, Delgado says the ALJ improperly discounted the opinions of his treating physicians and psychological consultative examiner. Third, he says the ALJ's Residual Functional Capacity ("RFC") finding is not supported by substantial evidence. And fourth, Delgado says the ALJ improperly discounted his self-described symptoms and limitations. After careful review, we vacate and remand this case to the district court.

## I.    BACKGROUND

On March 26, 2016, Delgado filed an application for disability and disability insurance benefits that he alleged began five days earlier. At the time he filed his application, Delgado was 58 years old. The SSA initially denied Delgado's claim, finding his conditions were not severe enough to keep him from working. Delgado requested a hearing before an ALJ on his claim, which was held in July 2018. Delgado testified at the hearing, as did David Pigue, a vocational expert ("VE"). In October 2018, the ALJ issued a decision denying Delgado's application. The

2

Appeals Council of the Social Security Administration ("Appeals Council") denied Delgado's request for review.

Having exhausted all available administrative remedies, Delgado challenged the ALJ's decision by filing suit against the Commissioner in federal district court. The Commissioner moved for summary judgment, which the district court granted. Delgado now appeals.

## A. The SSA Hearing

Delgado was 60 years old at the time of the hearing before the ALJ. He explained that he had stage 2 lung cancer, emphysema, chronic obstructive pulmonary disease ("COPD") symptoms, dizziness, anxiety, nervousness, depression, short-term memory loss, high blood pressure, loss of appetite, and difficulty breathing. Delgado testified that out of all his health problems, his shortness of breath was the worst. Delgado testified that he experiences shortness of breath daily and can walk for only ten minutes before having to stop. He also testified to having back pain and that, "[w]hile standing," his "entire back hurts." However, he has no problem sitting for a half-hour to an hour at a time. Delgado further testified that he experiences dizziness several times a day. He cannot bend forward or sideways, squat, or kneel to reach the ground. As a result, Delgado cannot lift objects off the ground. He testified that he is only strong enough to lift a plate or a glass of water off the table.

Delgado also testified to having "[a] lot of pain" in his stomach, in the "area where the liver is." On a scale of one to 10, with 10 being very strong pain, Delgado rated the pain in his stomach "an eight." He takes medication for the pain several times a day, which sometimes alleviates the pain. He also takes medication for depression and anxiety. Delgado testified that his anxiety is worse than his depression and it feels "like [he's] having a heart attack." Delgado also testified that he is "[v]ery depressed" because he is completely dependent on his wife for support, and typically spends his day sitting down. He stated he does not "have a will to do anything at all."

Regarding his previous work, Delgado testified that for the past 15 years he was a manager at a warehouse. His duties included overseeing employees and helping out when needed. He worked standing up most of the time and had to lift, carry, and use his arms for assembly. On average, he lifted around 80 pounds, but lifted heavier items up to 150 pounds.

At the hearing, the VE classified Delgado's past relevant work as "manager warehouse," citing the Dictionary of Occupational Titles ("DOT") for that job description. A manager job is usually performed at a "light exertional" level. However, because Delgado testified that he was lifting an average of 80 pounds, the VE determined Delgado performed his job at the "heavy exertional" level.

**B. Statutory and Regulatory Framework**

Before discussing the ALJ's analysis, we briefly lay out the relevant statutory and regulatory framework.  To qualify for disability insurance benefits, a claimant must show a "disability," which is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  The claimant bears the burden of proving he is disabled and is responsible for producing evidence to support his claim.  See Edison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).

The ALJ is required to follow a five-step sequential evaluation process to determine whether a claimant is disabled.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).  These steps are: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments found in the Social Security Regulations; (4) whether the claimant

5

can perform any of his past relevant work given his RFC assessment; and

(5) whether there are a significant number of jobs in the national economy the

claimant can perform given his RFC, age, education, and work experience. Id.; 20

C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v). "An affirmative answer to

any of the above questions leads either to the next question, or, on steps three and

five, to a finding of disability." McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th

Cir. 1986). But "[a] negative answer to any question, other than step three, leads to

a determination of 'not disabled.'" Id. (quoting 20 C.F.R. § 416.920(a)–(f)).

## C. The ALJ's Decision

After applying the five-step evaluation process described above, the ALJ

concluded Delgado was not disabled within the meaning of the Social Security

Act. Beginning with step one, the ALJ determined Delgado had not engaged in

substantial gainful activity since his alleged disability-onset date of March 21,

2016. At step two, the ALJ determined Delgado suffered from one severe

impairment, COPD, that significantly limited his ability to perform basic work

activities. The ALJ found Delgado's other physical impairments—including lung

cancer, kidney problems, and abdominal issues—to be non-severe. The ALJ said

Delgado's lung cancer was not severe because it was treated and resolved before

his alleged onset date and he underwent surgery in 2014 and his subsequent CT

scans showed no signs of malignancy in 2015, 2016, or 2017. As for kidney

6

problems, the ALJ explained that Delgado's 2017 nephrology exam noted no abnormalities and indicated he had normal gait, normal breathing, and no acute kidney problems. And the ALJ determined Delgado's abdominal issues posed only minimal limitations on his functioning.

The ALJ also separately considered Delgado's mental impairments of anxiety, depression, and alcohol use. The ALJ determined these impairments, whether considered individually or in combination, were not severe because they did not cause more than minimal limitations on Delgado's ability to perform basic mental work activities. The ALJ based this determination on Delgado's examinations and self-reports.

At step three, the ALJ considered the listing requirements and determined Delgado did not have an impairment or combination of impairments that met or medically equaled the severity of any relevant listing impairments found in the Social Security Regulations. At step four, the ALJ determined Delgado's RFC and found he was capable of performing "light work" as defined in 20 C.F.R. § 404.1567(b). However, the ALJ found that Delgado was "limited to occasional climbing of ramps/stairs, stooping, kneeling, crawling, and crouching, but no ladders/ropes/scaffolds," and that although he could frequently balance, he must "avoid all exposure to concentrated fumes, odors, dust, and pulmonary irritants, and unprotected heights."

Considering the RFC, the ALJ found Delgado could perform his past relevant work as a warehouse manager as listed in the DOT. The ALJ concluded that although Delgado performed his past work as a warehouse manager at the "heavy" exertion level, the job is generally performed at the light exertion level which fell within his RFC. Therefore the ALJ found Delgado was not disabled under the Social Security Act.

## D. The District Court's Decision

Delgado challenged the ALJ's decision before the district court, and both parties moved for summary judgment. A magistrate judge issued a report and recommendation ("R&R") advising that Delgado's motion should be denied and the Commissioner's motion should be granted. The district court adopted the R&R and affirmed the Commissioner's final decision. This is Delgado's appeal.

## II.    STANDARDS OF REVIEW

When an ALJ denies benefits and the Appeals Council denies review, "we review the ALJ's decision as the Commissioner's final decision." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). We review de novo the legal principles upon which the ALJ's decision is based, but we review "the resulting decision only to determine whether it is supported by substantial evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). Substantial evidence is "such relevant evidence as a reasonable person would accept as

adequate to support a conclusion." Id. When determining whether a claimant can perform past relevant work, the ALJ may rely on the testimony of a VE as well as the DOT and information that the claimant provides about their work history. See 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). We also review de novo the judgment of the district court. Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1260 (11th Cir. 2007).

### III.    DISCUSSION

After reviewing the record and the parties' briefing, we conclude that several errors require reversal of the ALJ's step four RFC finding.

#### A. The ALJ's Step Four RFC Finding

The ALJ found Delgado has the RFC to "perform light work as defined in 20 C.F.R. § 404.1567(b)" except that he is "limited to occasional climbing of ramps/stairs, stooping, kneeling, crawling, and crouching, but no ladders/ropes/scaffolds." The ALJ also determined Delgado must "avoid all exposure to concentrated fumes, odors, dust, and pulmonary irritants, and unprotected heights." In so concluding, however, the ALJ assumed Delgado could perform work at a light exertion level over the course of an eight-hour workday. A review of the record shows this RFC finding was in error, for several reasons: first, the ALJ afforded little weight to the opinion of Dr. Juan F. Rodriguez-Moran, Delgado's treating pulmonologist, without good cause; second, the ALJ afforded

little weight to the opinion of Dr. Cristian Del Rio, a psychologist, without good cause; and third, the ALJ discounted Delgado's subjective complaints without good cause. On this record, we remand to allow the ALJ to properly conduct the step four analysis (and then, if necessary, proceed to step five).

1. <u>The ALJ Did Not Have Good Cause for Assigning Little Weight to Dr. Rodriguez-Moran's Opinion</u>

Dr. Rodriguez-Moran, Delgado's treating pulmonologist who diagnosed him with COPD, gave his opinion that Delgado could not lift more than five pounds, stand or sit for more than four hours a time, or work more than six hours in an eight-hour workday. Delgado argues the ALJ failed to give this opinion controlling weight. Generally, the ALJ gives "more weight" to an opinion from a treating physician because the treating physician is "likely to be the medical professional[] most able to provide a detailed, longitudinal picture" of the claimant's medical impairment and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone." 20 C.F.R. § 404.1527(c)(2). If the ALJ finds that a treating source's opinion on the nature and severity of an impairment is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give the opinion "controlling weight," <u>id.</u>, unless "good cause" is shown to "disregard a treating physician's opinion[.]" <u>Winschel</u>, 631 F.3d at 1179 (quotation marks omitted).

10

Good cause exists where the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Id. (quotation marks omitted). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). On the other hand, if the ALJ's stated reasons demonstrate good cause for assigning limited weight to a treating physician's opinion, the determination is supported by substantial evidence and there is no reversible error. See Phillips v. Barnhart, 357 F.3d 1232, 1240–41 (11th Cir. 2004).

Here, the ALJ assigned Dr. Rodriguez-Moran's opinion "little weight." According to the ALJ, Dr. Rodriguez-Moran's opinion was "not supported by the record" and "internally inconsistent[.]" The ALJ noted that reports from some of Delgado's doctor's appointments indicated his physical exams were otherwise normal and he was not in respiratory distress.

We cannot accept the ALJ's finding that Dr. Rodriguez-Moran's opinion was "not supported by the record and internally inconsistent" as good cause for affording it little weight. For starters, the ALJ failed to clearly articulate what the internal inconsistency is or what evidence led to that conclusion. See Lewis, 125 F.3d at 1440; Winschel, 631 F.3d at 1179 ("[T]he ALJ must state with particularity

11

the weight given to different medical opinions and the reasons therefor."

(emphases added)).  And we find nothing internally inconsistent in Dr. Rodriguez-Moran's opinion.  For instance, it is not inconsistent to say that Delgado could sit or stand for four hours at a time while at the same time be unable to work more than six hours.  It is plausible that Delgado could do each activity for four hours but not in combination for longer than six hours.

Neither can we accept the ALJ's conclusion that Dr. Rodriguez-Moran's opinion was not supported by the record.  While the ALJ noted that some of Delgado's doctor's appointments indicated his physical examinations were otherwise normal and he was not in respiratory distress, the overall record demonstrates that Delgado consistently suffered from worsening COPD and dyspnea (shortness of breath), and these conditions were the basis for Dr. Rodriguez-Moran's opinion as Delgado's treating pulmonologist.  Dr. Rodriguez-Moran initially diagnosed Delgado with COPD in March 2016 and saw him routinely for checkups that focused on his worsening dyspnea.  Dr. Rodriguez-Moran's treatment notes document Delgado's worsening COPD and dyspnea, which was corroborated by his primary care physician, Dr. Luis R. Caceres, who treated Delgado for dyspnea even before Dr. Rodriguez-Moran ever diagnosed Delgado with COPD.  And Dr. Rodriguez-Moran's August 2017 treatment notes state that Delgado was becoming thin and was "chronically ill-appearing."  This is

12

consistent with Dr. Caceres's July 2017 treatment note stating Delgado was eating poorly and had lost weight. For these reasons, the ALJ failed to articulate good cause for giving Dr. Rodriguez-Moran's opinion little weight.[1]

2. The ALJ Did Not Have Good Cause for Assigning Little Weight to Dr. Del Rio's Opinion

Dr. Del Rio, a psychologist who performed a general clinical evaluation of Delgado in July 2016, gave his opinion that Delgado suffers from panic disorder, has impaired social functioning, and is unable to sustain attention for more than an hour. Dr. Del Rio based his opinion on observations of Delgado as well as Delgado's self-reporting. The ALJ afforded this opinion little weight on the grounds that it is "not supported by the record." This explanation is not sufficient.[2]

The ALJ never specified what evidence in the record fails to support Dr. Del Rio's opinion. The failure makes the ALJ's decision to discount Dr. Del Rio's opinion difficult to evaluate with any sort of precision. We know the ALJ is not

---

[1] As to Dr. Antonio Ucar and Dr. Michael Valladares, Delgado's other treating physicians, we conclude the ALJ's decision to afford their opinions little weight is supported by substantial evidence. Dr. Ucar's opinion was vague, merely stated that Delgado experienced depression and anxiety, and failed to provide any limitations regarding his functional abilities. Dr. Valladares's opinion that Delgado cannot work at all is contradicted by Valladares's own exams of Delgado, which reported normal mental and physical functioning, as well as by Dr. Rodriguez-Moran's opinion that Delgado can work for six hours out of an eight-hour workday.

[2] We also reject the ALJ's finding that Dr. Del Rio opined on "exertional limitations" that were "beyond the scope of the psychological evaluation." Dr. Del Rio listed the limitations in question—that Delgado could not drive, shop, cook, clean, or handle tasks—because he was documenting Delgado's self-reports. Dr. Del Rio did not assert, as a medical opinion, that Delgado was limited in these ways.

referring to the opinions of Dr. Rodriguez-Moran, Dr. Ucar, or Dr. Valladares, because the ALJ's decision explicitly afforded them little weight.  For the same reason, we know the ALJ is not referring to Delgado's subjective complaints.  We therefore must conclude the ALJ failed to articulate reasonable grounds for giving Dr. Del Rio's opinion little weight.  See Simon v. Comm'r of Soc. Sec., 7 F.4th 1094, 2021 WL 3556433, at *3, *11 (11th Cir. Aug. 12, 2021) (holding that ALJ failed to articulate reasonable grounds for affording opinion of one-time psychological examiner little weight where ALJ did not specify contradictory evidence).

3. The ALJ Did Not Have Good Cause for Discounting Delgado's Subjective Complaints

At the hearing, Delgado testified that he experiences shortness of breath daily and can walk for only ten minutes before having to stop.  He also testified to having back pain and that, "[w]hile standing," his "entire back hurts."  Delgado further said he experiences dizziness several times a day and becomes dizzy when bending forward or sideways.  He said he cannot bend, squat, or kneel to reach the ground because it is "extremely difficult to stand up" and he becomes dizzy.  He testified that he lacks the strength to lift anything more than a glass of water or plate off the table.  He also reported that due to chronic liver disease he experiences severe pain in the stomach and the area where his liver is.  And he said he suffers from anxiety and depression, and that his anxiety makes him feel like he

14

is having a heart attack.  On appeal, Delgado says the ALJ erred in discounting his credibility regarding his subjective description of his symptoms and limitations.

When a claimant seeks to prove disability through his own testimony concerning his symptoms, we require "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged [symptom]; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed [symptom]."  Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam).  The ALJ must "clearly articulate explicit and adequate reasons" for discrediting a claimant's allegations of disabling symptoms.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quotation marks omitted); see Moore, 405 F.3d at 1212. This Court does not disturb a clearly articulated credibility finding if it is supported by substantial evidence.  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam).

Although the ALJ found that Delgado had medically determinable impairments, including COPD, kidney problems, anxiety, and depression, the ALJ discounted Delgado's subjective allegations regarding the intensity, persistence, and limiting effect of his symptoms as "not entirely consistent with the medical evidence and other evidence in the record."  Specifically, the ALJ concluded Delgado's subjective complaints were inconsistent with his physical examinations

15

because they "failed to reveal any muscle wasting or atrophy" and with Delgado's admission that he could "visit with family, cook simple meals, [and] attend his appointments." This does not constitute good cause to discount Delgado's allegations.

To begin, we are not convinced that the absence of any notation from Delgado's physical exams specifically indicating "muscle wasting or atrophy" shows his complaints are inconsistent with the record. For instance, Dr. Rodriguez-Moran's August 2017 exam of Delgado revealed he was "thin" and "chronically ill-appearing." And this Court has rejected the idea that "participation in everyday activities with short duration, such as housework or fishing, disqualifies a claimant from disability." Lewis, 125 F.3d at 1441; see also Flynn v. Heckler, 768 F.2d 1273, 1275 (11th Cir. 1985) (per curiam) (reversing ALJ's decision denying claim for disability notwithstanding claimant's ability to "embroider, attend church, and drive an automobile short distances," and perform "housework for herself and her husband, and accomplish[] other light duties in the home"). So Delgado's ability to cook meals, visit with family, and attend his appointments does not provide good cause to discount his allegations.

Moreover, the ALJ failed to consider how the combination of Delgado's mental and physical impairments might impact their intensity, persistence, or limiting effects. Delgado has alleged several physical and mental impairments,

16

including COPD, dizziness, shortness of breath, anxiety, and depression. Our caselaw is clear that "where, as here, a claimant has alleged a multitude of impairments, a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling." Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984). In such situations, "it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." Id. There is no indication that the ALJ considered the combined effect of Delgado's multiple impairments when assessing his subjective complaints. For example, the ALJ does not address whether Delgado's depression and anxiety might exacerbate his physical impairments. We cannot therefore say the ALJ provided "sufficient reasoning for determining that the proper legal analysis has been conducted" here. See Ingram, 496 F.3d at 1260 (quotation marks omitted).[3]

## IX. CONCLUSION

For these reasons, we **VACATE** the judgment of the district court and **REMAND** to the district court with instructions to return the case to the Commissioner for further proceedings consistent with this opinion. Specifically, in

---

[3] Because we reverse the ALJ's RFC finding, we need not (and do not) address whether the ALJ improperly failed to characterize Delgado's past work as a composite job.

determining Delgado's RFC, the Commissioner must reconsider the weight

accorded to the opinions of Dr. Rodriguez-Moran and Dr. Del Rio as well as

Delgado's subjective complaints.

BRANCH, Circuit Judge, dissenting:

In this appeal from an agency's denial of disability benefits, the majority concludes that the Administrative Law Judge ("ALJ") erred at step four of the sequential evaluation[1] because she did not have good cause for assigning "little weight" to the medical opinions of Delgado's treating physician Dr. Rodriguez-Moran and one-time examiner Dr. Del Rio. Additionally, the majority concludes that the ALJ did not have good cause for discounting some of Delgado's subjective complaints. Because the ALJ provided reasonable justifications for the weight it afforded the physicians' and Delgado's testimony and those reasons are supported by substantial evidence in the record, I respectfully dissent.

When conducting the disability evaluation, the ALJ must give special attention to the medical opinions, particularly those of the treating physicians. The regulations in force at the time Delgado filed his disability insurance application required an ALJ to give "controlling weight" to a treating physician's opinions if they were "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in

---

[1] The disability evaluation process involves the following five determination steps: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether he "has a severe impairment or combination of impairments"; (3) if so, whether that impairment, or combination of impairments, meets or equals the medical listings; (4) if not, whether he can perform his past relevant work in light of his residual functional capacity; and (5) if not, whether, based on his age, education, and work experience, he can perform other work found in the national economy. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

[the] case record." 20 C.F.R. § 404.1527(c)(2);[2] *see also Winschel*, 631 F.3d at 1179 ("Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians substantial or considerable weight." (quotation omitted)). Good cause to discount a treating physician's opinion exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation omitted).

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* The weight a medical opinion receives depends on, among other things, the doctor's examining and treating relationship with the claimant, the evidence the doctor presents to support their opinion, and how consistent that opinion is with the rest of the record. 20 C.F.R. § 404.1527(c). "We will not second guess the ALJ about the weight the treating physician[s'] opinion[s] deserve[] so long as [the ALJ] articulates a specific justification for it." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

Here, the ALJ explained that she afforded little weight to the opinion of Dr. Rodriguez-Moran that Delgado could "only lift 5 pounds, stand for 4 hours and sit

---

[2] In 2017, the Social Security Administration amended its regulations and removed the "controlling weight" requirement for all applications filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1527, 404.1520c.

for 4 hours, but only work for 6 hours in an 8-hour workday" because "[t]he opinion [was] not supported by the record and [was] internally inconsistent." The ALJ then summarized in detail Delgado's various physical examinations between 2016 and 2017, each of which indicated normal physical functioning despite Delgado's health issues. Thus, the ALJ articulated specific reasons for affording little weight to Dr. Rodriguez-Moran's opinion as required, and those reasons are supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." (quotation omitted)). Contrary to the majority's approach, substantial evidence "review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Id.* Consequently, because the ALJ articulated a specific justification for giving Dr. Rodriguez-Moran's opinion less than controlling weight, we should not "second guess" the ALJ's decision. *Hunter*, 808 F.3d at 823.

Similarly, Dr. Del Rio was a psychologist that evaluated Delgado one time and diagnosed him with a panic disorder based on Delgado's self-reporting. Dr. Del Rio opined that Delgado was "unable to drive, shop, cook, clean, or handle light or heavy tasks." The ALJ explained that she afforded little weight to this opinion because "[t]he exertional limitations [were] beyond the scope of the

psychological evaluation" and were "not supported by the record."  The majority

concludes that the "ALJ failed to articulate reasonable grounds for giving Dr. Del

Rio's opinion little weight."  But the ALJ's articulated reason is entirely reasonable

and supported by the record.  Dr. Del Rio is a psychologist who diagnosed

Delgado with a panic disorder, but he opined that Delgado was "unable to . . .

handle light or heavy tasks"—physical exertional limitations that are clearly

"beyond the scope of the psychological evaluation" as the ALJ concluded.[3]  Under

the circumstances, we should defer to the ALJ's decision regarding the weight to

be afforded this opinion.  *Hunter*, 808 F.3d at 823.  Moreover, as a one-time

examiner, Dr. Del Rio is not considered a treating physician and his opinion is not

entitled to any deference.  *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987);

*see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1260 (11th Cir. 2019)

("[A]n ALJ is justified in discounting a physician's opinion when the doctor has

seen the claimant only once.").

Finally, contrary to the majority's conclusion, the ALJ explained in detail

why she determined that Delgado's "statements concerning the intensity,

persistence and limiting effects of [his] symptoms [were] not entirely consistent

---

[3] Although the majority criticizes the ALJ for failing to specify "what evidence in the record fail[ed] to support Dr. Del Rio's opinion," it is unclear what more the ALJ should have had to cite to once she explained that opinions concerning Delgado's physical exertional limitations were beyond the scope of the psychological evaluation Dr. Del Rio conducted.

with the medical evidence and other evidence in the record." Specifically, the ALJ summarized in detail the various medical evaluations between 2016 and 2017 from different physicians and explained that the majority of these evaluations indicated that Delgado had normal physical and mental functioning and was doing well, which "generally reveal[ed] functioning at a greater level than alleged."[4] Because this reasoning is supported by substantial evidence in the record, we should not disturb the ALJ's decision. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) ("[C]redibility determinations are the province of the ALJ, and we will not disturb a clearly articulated credibility finding supported by substantial evidence." (internal citations omitted)).

In conclusion, it is clear that the majority would have reached a different result than the ALJ and the Commissioner had it been tasked with considering the evidence in the first instance, but on appeal substantial evidence "review precludes

---

[4] As the majority notes, the ALJ pointed out that "[a]lthough [Delgado] ha[d] complained of being essentially bedridden for days at a time, physical examination ha[d] failed to reveal any muscle wasting or atrophy which one would expect to see considering the claimant's allegations of severe physical limitations." The majority concludes that the absence of such a notation in the medical records is not inconsistent with the record evidence because in an August 16, 2017, examination, Dr. Rodriguez-Moran indicated that Delgado was "thin" and "chronically ill-appearing." But there is an inconsistency in that same examination, because Dr. Rodriguez-Moran also reported that Delgado had a "[m]oderate activity level. Exercise includes walking. Exercises daily." Furthermore, the record reflects that two days later, on August 18, 2017, Delgado saw two other physicians, Dr. Valladares and Dr. Caceres, and both of them independently reported that Delgado appeared "well nourished." In short, when the record is considered as a whole, substantial evidence supports the ALJ's determination that Delgado's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record."

deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Moore*, 405 F.3d at 1211. Accordingly, because the ALJ provided reasonable justifications for the weight it afforded the physicians' and Delgado's testimony, and those reasons are supported by substantial evidence in the record—which, again, in the Social Security context is less than a preponderance and means simply "such relevant evidence as a reasonable person would accept as adequate to support a conclusion"—I would affirm. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." (quotation omitted)). Therefore, I respectfully dissent.

24